## TOWDY *v.* ELLIS.

WHERE the notice of appeal from an order overruling a motion for new trial has not been filed within sixty days from the entry of the order the appeal will be dismissed.

An acknowledgment of service indorsed on a notice of appeal as follows: "Due service of a copy of the within notice is hereby accepted to have been made this twentieth day of February, 1863," is no waiver of an objection that service upon the day mentioned is too late.

Towdy *v.* Ellis.

Any statement agreed to by the parties or duly settled and certified by the Court becomes a part of the record the same as a bill of exceptions, demurrer to evidence, or any other mode by which questions of law or matters of evidence were made part of the record by the old system of practice.

An appeal was taken from a judgment and also from an order overruling a motion for new trial, and the appeal from the order was dismissed for the reason that the notice was not served in time. The transcript contained a statement on motion for new trial, but no statement on appeal or bill of exceptions : *held,* that on the appeal from the judgment the statement on motion for new trial properly formed part of the record, and might therefore be used in this Court, and that any alleged errors appearing therefrom affecting the judgment might be considered and passed upon.

Whenever a matter of law or evidence is made a part of the record by a proper statement or bill of exceptions, whether such statement be filed on motion for new trial or on appeal, it is, if embodied in the transcript, on appeal, properly before the Appellate Court, and can be used by it to review the action of the Court below.

If, on appeal from a judgment, the transcript contains a statement on motion for new trial which shows error occurring prior to or in the rendition of the judgment, and affecting its validity or the validity of any action of the Court prior thereto, the errors thus disclosed may be reviewed, and the judgment reversed therefor.

A denial that property sued for is of the exact value alleged in the complaint is an admission of any lesser value.

It having appeared that there was an agreement in writing respecting the transfer of certain goods from witness to K., counsel proposed to ask witness " how K. got the goods :" *held,* that the question was improper, the writing being the best evidence.

Where, in an action against the Sheriff for taking goods, he justifies under an attachment against a third person, it is not necessary that his answer should set forth minutely every fact relating to the attachment suit. An answer which stated the time of commencement of the action, the names of parties, the Court, and that the goods were taken by virtue of a writ of attachment issued therein, held to be sufficient.

In trespass for taking goods against a Sheriff who justified under a writ of attachment against a third person, he called as a witness his deputy, who stated that he served the attachment, and related certain conversations between himself and the plaintiff. On cross-examination he stated that "he was Deputy Sheriff, and under bonds to the Sheriff." Whereupon plaintiff moved to strike out his testimony on the ground of interest : *held,* that the motion was properly denied, as from the answer it was not certain that the character of his bonds was such as to make him interested.

*Held,* further, that the plaintiff having testified, the deputy, even if interested, was a competent witness under Sec. 422 of the Practice Act.

An objection that a judgment in favor of defendants is improper because of the absence of any prayer for relief in the answer must be taken in the trial Court or it will not be considered on appeal.

APPEAL from the Fourth Judicial District.

The complaint is verified, and alleges that on the twelfth day of March, 1862, the plaintiff, J. C. Towdy, was the owner and entitled to the possession of certain personal property, the items of which are set forth, and that defendant, on the day mentioned, unlawfully took the goods from the possession of the plaintiff, and still wrongfully detains them; that the value of the goods is three hundred and two dollars and forty-two cents, and prays judgment for a return of the goods, or for their value, with damages in the sum of one hundred dollars and costs.

The answer, also verified, is as follows: "John S. Ellis, the defendant in the above action, for answer to the complaint of the plaintiff therein says, that he denies, according to his information and belief, that the above plaintiff was, on the twelfth day of March, A.D. 1862, or at any other time, the owner of the goods and chattels mentioned in the complaint in said action, or that he was ever entitled to the possession of the same as alleged in said complaint, and he further denies that he became possessed of said property unlawfully and wrongfully detains the same from said plaintiff, or that he ever became possessed of said goods and chattels, or any part thereof, except the following, to wit: [here follows a list of a portion of the articles mentioned in the complaint], which said goods and chattels above mentioned this defendant now holds as Sheriff of said city and county, under and by virtue of a writ of attachment issued out of the District Court of the Twelfth Judicial District of said city and county, in a certain action brought therein by Louis Brunner, plaintiff, against Wm. A. Krohe, defendant, which said action was commenced and attachment issued on the first day of March, 1862, and pursuant to which said defendant herein took the above mentioned goods and chattels from the possession of said Krohe, and now holds them to satisfy any judgment that has been or may be obtained in favor of said Brunner against said Krohe in said action, and he denies that he has taken the said goods and chattels in any other manner. And the defendant further denies that he took said goods and chattels, or any part thereof, from the possession or custody of the plaintiff herein; and he further denies, according to his information and belief, that said plaintiff is entitled to the possession of the same, or any part thereof, or that the value

Towdy *v.* Ellis.

of the same is of the sum of three hundred and two dollars and forty-two cents, as alleged in said complaint, or that said plaintiff has sustained any damage whatever; and the defendant further says, that, according to his information and belief, the said goods and chattels above mentioned were, at the time of said taking the property of said W. A. Krohe, in whose possession they were at the time of said taking, and that any claim of title to the same in favor of the plaintiff herein based upon any agreement or statement by said plaintiff and said Krohe, or either of them, is fraudulent and void.          EARL BARTLETT, Defendant's Attorney."

Replication denying all the averments of the answer. The case was tried by a jury, who found a verdict for the defendant, and that he was entitled to possession of the property. Judgment was entered that plaintiff take nothing by his suit, and that defendant recover possession of the property from plaintiff, together with his costs. Plaintiff moved for a new trial, and upon this motion a statement was settled and agreed to by the attorneys of the parties. November 21st, 1862, an order was made denying the motion for new trial, and on the tenth day of February, 1863, a notice of appeal from the judgment and also from the order denying a new trial was filed. On this motion is the following indorsement: "Due service of a copy of the within notice is hereby accepted to have been made this twentieth day of February, 1863.

"EARL BARTLETT."

The transcript on appeal contains the judgment roll, the statement on motion for new trial, and the notice of appeal. There is no statement on appeal or bill of exceptions, and all the assignments of error considered by the Court are contained in the statement on motion for new trial.

The facts in reference to these alleged errors are sufficiently stated in the opinion.

*M. Compton,* for Appellant.

I. The Court erred in denying plaintiff's motion for judgment on the pleadings. The denials in the answer are bad and raise no issue. The answer denies in the very words of the complaint

[repeating them], thus raising an immaterial issue as to those matters instead of meeting the substantial matters averred. How much of the complaint is true the defendant does not admit or deny. He simply swears it is not all true. Such a denial does not reach the substantial matters averred, but only raises an immaterial issue as to the particular manner in which the matter is alleged in the complaint. (*Sallinger* v. *Lask*, 7 How. Pr. 430; *Castro* v. *Wetmore*, 16 Cal. 379; *Caulfield* v. *Saunders*, 17 Id. 571; *Pierson* v. *Cooley*, 1 Code, 91.)

The denials are bad for being in the alternative. It leaves uncertain what it means to deny. (*Otis* v. *Ross*, 8 How. Pr. 193; *Porter* v. *Herman*, 8 Cal. 624; *Hopkins* v. *Everett*, 3 Code, 150; *Young* v. *Catlin*, 6 Duer, 443; *Plankman* v. *Vallejo*, 15 Cal. 639; *Boyce* v. *Brown*, 7 Barb. 80.) The denials should be in the disjunctive and not in the conjunctive. (*Hopkins* v. *Everett*, 5 Code, 150; *Busemons* v. *Coffee*, 14 Cal. 191; *Burke* v. *Table Mountain Water Co.*, 12 Id. 403.) As to the value of the property, the answer only denies it was of the precise value of three hundred and two dollars and forty-two cents, thereby leaving it undenied it was of the value of any sum up to that amount. This admits the property was of the value of three hundred and one dollars and forty-two cents. (17 Cal. 569; 7 Pr. 430.)

II. The answer must allege all those facts which, when the plaintiff's case is admitted or proved, the defendant must prove, in order to defeat the action. (*Catlin* v. *Gunter*, 1 Duer, 266.) The words "must" are imperative. (*McKying* v. *Bull*, 16 N. Y. 297.) A defendant cannot give in evidence any fact not set up in his answer. (*Diefendorf* v. *Gage*, 7 Barb. S. C. 18; *Kelly* v. *Weston*, 2 Coms. 501; *N. Y. Central Ins. Co.*, 20 Barb. S. C. 468; *Baker* v. *Bailey*, 16 Id. 57; *Dewy* v. *Hoag*, Id. 365; *Fay* v. *Gruristead*, 10 Id. 321; *Andrews* v. *Bond*, Id. 633; *Walton* v. *Minturn*, 1 Cal. 362; *Field* v. *Mayor of N. Y.*, 2 Seld. 129; *McKying* v. *Bull*, 16 N. Y. 297.) The new matter is not well pleaded. The answer setting up the attachment is by way of recital and not by way of allegation. (*Porter* v. *Herman*, 8 Cal. 624.) The answer does not aver jurisdiction in the Twelfth District Court, nor does it show the suit was brought to recover any

sum whatever so as to constitute jurisdiction.   The jurisdiction of the Twelfth District Court is limited to sums exceeding two hundred dollars.   The answer as to jurisdiction is insensible, ambiguous, and doubtful, and pleadings must not be insensible, ambiguous, nor doubtful, but must be positive in their form.   (Stephens on Pleading, 377, 378.)   The nature of the action is not stated, nor is it averred the action was at law or otherwise.   (*Pierson* v. *McCahill*, 21 Cal. 122.)

III.   The Court erred in refusing to allow parol evidence to be given to show the delivery of the goods in question by the plaintiff to Krohe, in the month of December, 1861.   The Court based its decision for its refusal on the ground that there was a written agreement.   Admitting there was a written agreement, there was no ground for excluding the evidence.   The evidence was not offered, nor did it tend to disprove the contents of the written agreement, but simply to show a delivery of the goods in the first instance.   Evidence is admissible to show facts independent of and entirely consistent with the written agreement.

IV.   The Court erred in refusing to strike out the testimony of the defendant's deputy Lamott.   The testimony was improper. (*Santillan* v. *Moses*, 1 Cal. 92.).   The witness was interested by being under indemnity to his principal and was liable for his torts. In a suit by a claimant of attached property against a Sheriff, the testimony of a subsequent attaching creditor who has executed an indemnity bond to the Sheriff to hold him harmless is inadmissible. (*Howland* v. *Willets*, 5 Seld. 170.)   A driver is not a competent witness for his employer in an action for negligently driving against one without previously being released.   (*Ferin* v. *Vallejo Wharf Co.*, 7 Cal. 253.)

V.   The Court erred in charging the jury to the effect " that the making the sale and transfer of personal property, the law requires that the goods should not be left in such a disguise as to amount to a fraud upon the creditors of such person having possession."

*Earl Bartlett*, for Respondent.

I.   The appeal from the order denying a new trial should be dismissed, on the ground that no appeal was taken from said order

within sixty days from the time it was made. The order was made Nov. 21st, 1862, and notice of appeal given Feb. 10th, 1863. (Practice Act, Sec. 336, Sub. 3.)

II. There is no statement on appeal in said action from the judgment of the Court below, and therefore nothing that appears in the statement on motion for new trial, which is annexed to the record, can be inquired into for the purpose of reversing the judgment.

III. If there were any objections to the defense set up in the answer, or the manner of setting it up, the plaintiff should have demurred to it, and by his reply he waived all objections. ( *Walker* v. *Woods*, 16 Cal. 68.) Further than this, such objections cannot for the first time be raised in this Court. (*Mamlock* v. *White*, 20 Cal. 600.)

Appellant, in reply.

I. The respondent can make no question on this appeal as to the appeal from the order denying the motion for new trial not being taken in time. The respondent accepted due service of the notice of the appeal (see indorsement). This is a waiver of the objection that it was not in time. (*Shaver* v. *Ocean Ins. Co.*, 9 Abbott, 23 ; *Tulman* v. *Bagley*, 12 Wend. 237.)

II. As to the objection that there is no statement on appeal, the statute itself makes the statement on motion for new trial the statement on appeal. (See Stat. of 1861, 590.)

III. A motion for a new trial is a proceeding entirely distinct from an appeal from a judgment. A party may pursue both at the same time (Voorhies' Code, Ed. 1860, 357), and may be either 1st, on a question of law; 2d, upon a question of fact; 3d, upon both questions of law and fact. (Id.) It may be upon the minutes of the Court, upon a case or exceptions. It may be before or after judgment. (Id.) And where there is no statement it leaves the party to argue his case on the judgment record alone. (*Robertson* v. *Hurd*, 3 Abbott, 115 ; *McComber* v. *Chamberlain*, 5 Cal. 327.) And upon the judgment record alone the defendant is entitled to no relief whatever—not even for his costs—because he demanded none in his answer. The answer admits the plaintiff's

Towdy *v.* Ellis.

whole cause of action, and sets up no new matter sufficient to constitute a defense to the action. (See Appellant's brief on file.) The pleadings are the formal allegations of the parties of their respective claims and defenses for the judgment of the Court (Prac. Act, Sec. 36), and must be most strongly construed against the pleader. (*Chipman* v. *Emerie,* 5 Cal. 49.)

IV. The failing to demur does not waive the right to object on the trial, or in the Appellate Court, for the first time that the answer does not state facts sufficient to constitute a defense to the action. (*Higgins* v. *Freeman,* 2 Duer, 650 ; *Montgomery County Bank* v. *Albany City Bank,* 2 Seld. 459.) An incurable defect is never waived by any pleading, but may be taken advantage of whenever the parties are before the Court. (*Burnham* v. *DeBevourse,* 8 Prac. 159 ; *St. John* v. *Northup,* 23 Barb. 30.)

CROCKER, J. delivered the opinion of the Court—COPE, C. J. concurring.

This is an action to recover the possession of personal property, and the defendant, who is the Sheriff of the County of San Francisco, claimed that it was the property of one Krohe, and that he had levied upon it by virtue of an attachment against him. The defendant recovered judgment against the plaintiff for the possession of the property and for his costs, from which, and from an order overruling a motion for a new trial, the plaintiff appeals.

The new trial was denied on the twenty-first day of November, 1862, and the notice of appeal was filed February 10th, 1863, and the defendant accepted service of the notice February 20th. It is objected that the appeal from the order refusing a new trial was not taken within sixty days after the order was made, and therefore the appeal from that order must be dismissed. To this it is replied that the respondent has waived this objection by the terms of his acceptance of the service of the notice of appeal, which is in these words : " Due service of a copy of the within notice is hereby accepted to have been made this twentieth day of February, 1863," and we are referred to the cases of *Tatman* v. *Barnes* (12 Wend. 227) and *Struver* v. *Ocean Insurance Co.* (9 Abbott, 23). In those cases it was held that an admission of " due service of a

notice " is a waiver of the objection that it was not served in time. In this case the acceptance only admits that the notice was duly served at a certain date, and cannot be considered as a waiver of the objection. The appeal from this order not having been taken in time, it will have to be dismissed, leaving the appeal from the judgment remaining.

The only statement in the record is the statement on the motion for a new trial, no statement on appeal having been filed. Sec. 195 of the Practice Act, as amended in 1861, provides that this statement, with the affidavits, depositions, etc., shall " constitute, without further statement, the papers to be used on appeal from the order granting or refusing the new trial." The respondent insists that as the appeal from the order refusing the new trial must be dismissed, therefore the statement falls with it and cannot be used for any other purpose. That its use is confined to the determination of the questions involved in that motion.

Any statement agreed to by the parties, or duly settled and certified by the Court, becomes a part of the record, the same as a bill of exceptions, demurrer to evidence, or any other mode by which questions of law or matters of evidence were made part of the record by the old system of practice. A statement is the substitute provided by the code for these former modes of proceeding, which were sometimes quite complicated in their nature, the " bill of exceptions " under the old-system being still retained. Whenever, therefore, a matter of law or evidence is thus made a part of the record by a proper statement or bill of exceptions, whether such statement be filed on motion for new trial or on appeal, it is properly before this Court, the same as any other part of the record; and when before us it can be used to enable us to review the action of the Court below and determine whether or not any error has been committed. If the alleged error occurred prior to or in the rendition of the judgment, and affects its validity, or the validity of any action of the Court prior thereto, then such statement or bill of exceptions can properly be used on an appeal from the judgment. If, however, the alleged error relates to the action of the Court subsequent to the rendition of the judgment, as an order made on a motion for a new trial, or any other order made after judgment,

then such statement or bill of exceptions can only be used on an appeal *properly* taken from such subsequent order. The appeal from the order refusing a new trial in this case not having been taken in time, the statement in the record can be used to review the action of the Court below only so far as it affects the judgment. The Court may have erred in refusing the new trial, but we cannot review that action, the appeal not having been taken in time. But we still have the right to use the statement in reviewing the action of the Court, so far as it relates to the judgment, the appeal from the judgment having been taken in time. We cannot, therefore, sustain the position of the respondent that the statement is to be entirely disregarded.

The first error assigned is that the Court below erred in denying plaintiff's motion for a judgment on the pleadings, and it is insisted that the denials in the answer are bad and raised no issue; that they are in the alternative and not in the disjunctive, and not specific; that the denial of the value is only of the precise sum stated in the complaint, and therefore it is no denial of any lesser sum. It is true that the denial of the value of the property is only of the sum stated in the complaint, and it is, therefore, an admission of any lesser value; but as to the other objections, they are not well taken. The answer specifically denies the most material allegations of the complaint, and therefore raised issues of fact, to be tried in the proper mode. Such being the case, it can make no difference, so far as relates to this motion for judgment on the pleadings, whether the new matter in the answer was properly pleaded or not, for in either event the Court properly overruled the motion.

It is also insisted that the Court erred in refusing to allow parol evidence of the delivery of the goods by the plaintiff to Krohe. The witness, who was the plaintiff, was asked how Krohe got the goods, and upon a question by defendant's counsel he stated that the agreement between them was in writing, and the Court properly refused to let him answer the question, the writing being the best evidence upon that point. The delivery was sworn to by this and several other witnesses without objection.

The next point raised is that the Court erred in admitting the record and papers in the suit in which the attachment was issued,

Towdy v. Ellis.

on the ground that the facts were not sufficiently pleaded by the answer. This objection is not well taken. These proceedings were sufficiently set forth in the answer. It is not necessary to set forth minutely every fact relating to the suit, in cases of this kind.

The defendant called as a witness one Lamott, who testified that he was the Deputy Sheriff who served the attachment, and he related conversations between himself and the plaintiff relative to the sale of the goods by plaintiff to Krohe. On cross-examination he stated that "he was Deputy Sheriff and under bonds to the Sheriff," and thereupon plaintiff moved to strike out his testimony on the ground that the witness was interested, which was overruled, and this is alleged as error. The record does not disclose the terms or character of these "bonds to the Sheriff," or whether they made the witness interested in the result of this suit or not. We cannot presume error; it must appear by the record, and there is not sufficient here to establish it. Besides, if the witness was interested, it was as an adverse party in interest, or a person for whose benefit the action was defended, and as the plaintiff had been examined as a witness on his own behalf, he could not object to the competency of the witness under the provisions of Sec. 422 of the Practice Act.

We see no error in refusing the instructions asked for by the plaintiff and in the instructions given by the Court and which were excepted to. The charge given was correct as a proposition of law, and was founded upon evidence before the jury. It is insisted that the Court erred in rendering a judgment in favor of the defendant, because his answer contained no prayer for judgment. If this objection has any force, it should have been raised in the Court below, where the party would have been allowed to amend. It cannot be raised here for the first time.

The appeal from the order refusing the new trial is dismissed, at the appellant's cost. The judgment is affirmed.