## LARAMIE COAL AND ICE COMPANY v. EASTMAN ET AL.

DEPOSITIONS—EXCEPTIONS TO—WHEN MUST BE MADE—EVIDENCE.

1. An exception to a deposition on the ground that it was not signed by the witness, is not an exception for incompetency or irrelevancy, and must be made before trial. (R. S., sec. 2633.)

2. Conversations with one, claimed to be an agent of a corporation, but occurring before he became such agent and before the company was organized, are inadmissible.

[Commenced in District Court, December 5, 1892. Decided December 28, 1894.]

ERROR to District Court for Converse County. HON. RICHARD H. SCOTT, Judge.

This action was originally commenced in the District Court for Albany County, and was taken on change of venue to

Converse County.  It involved a claim for $3,000 damages for the alleged breach of a contract on the part of the Laramie Coal and Ice Co., a corporation, which was entered into between said company and the plaintiffs below, Arthur Eastman and N. R. Eastman, copartners as Eastman & Son. The contract contained an agreement on the part of the latter to haul coal to customers of the company, and on the part of the company to give them the work of delivering all coal sold and handled in Laramie, except such as should be hauled by customers or under their direction, for a term of two years, at certain prices therein named.  The contract was made Oct. 27, 1892, and was to go into operation Nov. 1 following.  The claim was that the company refused to give the work to the plaintiffs after Nov. 9, same year. The defense was that the plaintiffs had not been diligent in the performance of their duties, nor prompt and skillful in the delivery of coal, but that their negligence and allowance of orders to accumulate had resulted in complaints from customers and entailed a loss upon the defendant.  Before the change of venue had been taken, a jury was waived in the case, and such waiver entered upon the journal.  When the case was reached for trial in Converse County, the plaintiffs demanded a jury, to which defendant objected, upon the ground that a jury had been waived by the plaintiffs. The court ordered a jury empaneled to try the cause, to which defendant excepted.  A verdict was returned for the plaintiffs for the sum of $900.   Motion for new trial was overruled, the ruling excepted to, and judgment entered upon the verdict.  Some conversations were testified to, on behalf of plaintiffs, between them, or one of them, and one Blackburn in September of the same year  which it was claimed by the defense, had reference entirely to another contract then being verbally made, wherein Blackburn acted individually. He was, or became, interested for the company.  A motion to strike out all the testimony relating to such conversations was made as soon as it appeared when they had occurred, which motion was denied, and an exception was preserved.  A deposition offered by the defendant was excluded because

it was not signed by the witness. Defendant prosecuted error, and assigned as error: 1. The allowance of a jury. 2. Refusing to strike out the testimony as to the conversations aforesaid. 3. Excluding the deposition. 4. Erroneous instructions. 5. That the verdict was excessive.

*Nellis E. Corthell,* for plaintiff in error.

A waiver of a jury once made is binding. (R. S., sec. 2567; Colter v. Machine Co., 3 Lea., 115; R. R. Co. v. Foster, 10 id., 351; Heacock v. Lubuke, 108 Ill., 641.) The plaintiff's allowance of orders to accumulate was sufficient defense. Time is of the essence of such contracts. The defendant had the right to repudiate the whole contract. (Worthington v. Wright, 115 U. S., 188; Anderson v. May, 50 Minn., 280; Weruli v. Collins, 87 Ia., 548; Dunn v. Daley, 78 Cal., 640; R. S. Wyo., sec. 2478.) Evidence as to amount of lost profits was too uncertain. It must be certain and practical to sustain a verdict. (Leutz v. Choteau, 42 Pa., 435; Masterton v. The Mayor, 7 Hill, 72; Cushing v. Seymour, 30 Minn., 304; Griffin v. Colver, 16 N. Y., 491; Schile v. Brokhaus, 80 id., 619; Hadley v. Prather, 64 Ind., 137; Geobel v. Hough, 26 Minn., 257.) All conversations or agreements between the parties before the making of the contract were inadmissible. Prior admissions and proposals, etc., were merged in the contract. (The Delaware, etc., v. Barnes, 31 Pa., 196; 1 Greenleaf, sec. 275; Stackpole v. Arnold, 11 Mass., 30; Bayard v. Malcolm, 1 Johns., 467; Ivinson v. Hutton, 3 Wyo., 61.) A corporation is not bound by the statements of any person before incorporation. 1 Morawetz Corp., 234; Rockford, &c., v. Sage, 65 Ill., 332; R. R. Co. v. Ketchum, 27 Conn., 170; Western Screw, &c., Co. v. Couslay, 72 Ill., 534; Long v. Bank, 8 Utah, 104; Buffington v. Barden, 80 Wis., 635.) Declarations of an agent made while not acting as such do not bind the principal. 1 Greenleaf Ev., 113.) The objection to the deposition was waived, it not having been made before trial. (R. S., sec. 2633, 2610; Murray v. Larabie, 8 Mont., 208; Deane, &c., v. Green, 31 Mo. App., 269; Marsh v. Nordyke (Pa.), 15 Atl., 877; Walker v. Steele,

9 Colo., 388; Smith v. Groneweg, 40 Minn., 178; Christman v. Roy, 42 Ill. App., 111; Dunbar v. Gregg, 44 id., 527; Kansas City, &c., Co. v. Stoner, 51 Fed., 656; Moody v. R. Co., 13 So., 235.) The fact that the testimony contained in the deposition was cumulative does not make its exclusion harmless. (Osgood v. Manhattan, 3 Cow., 612; Ellis v. Short, 21 Pick., 145; Marquand v. Webb, 16 Johns., 89; Settle v. Allison, 8 Ga., 201.)

*Bramel & Bramel,* for defendant in error.

The court is not bound by a waiver of a jury. (Carthage v. Buckner, 8 Bradw., 152; Thompson on Tr., sec. 2; McCarthy v. R. R. Co., 15 Mo. App., 385; Biggs v. Lloyd, 70 Cal., 447.) The objection to the testimony relating to conversations was indefinite. It is the duty of one making a motion to strike out testimony to point out in his motion the specific testimony objected to. (R. R. Co. v. Falvey, 104 Ind., 410; Wolfe v. Pugh, 101 id., 293; Elliott v. Russel, 92 id., 526; Cuthrell v. Cuthrell, 101 id., 375; State v. Humer, 15 Nev., 49.) The deposition was not competent. (Simpson v. Carleton, 1 Allen, 109; Simpson v. Dix, 131 Mass., 185; Johnson v. Perry, 54 Vt., 459.

CONAWAY, JUSTICE.

On October 27, 1892, the parties entered into a contract in writing, by the terms of which defendants in error were, at a specified price, to "have the work of delivering all coal sold and handled in the City of Laramie, State of Wyoming," by plaintiff in error, "excepting such coal as is hauled by customers or under their direction, for the term of two years from November 1st, 1892."

The gravamen of the complaint is that on November 9th, 1892, plaintiff in error, "in violation of its duties under said contract and in violation of the terms thereof, refused longer to employ or to permit plaintiffs further to comply with and to perform their obligation and duties under said contract, although plaintiffs have been willing and able at all times

fully to comply with all the terms of said contract and writing obligatory."

The defense is, in substance, that defendants in error were not fulfilling the requirements of the contract themselves, and did not, as required by the contract, "perform the delivery of the coal referred to in said contract in a prompt or skillful or competent or workmanlike manner."

There was also an attempt by plaintiff in error to prove at the trial that there was no profit in hauling and delivering coal at the price specified in this contract and consequently no damage to defendants in error resulting from their discharge from the employment.

The evidence upon this point was conflicting. As bearing upon this question the deposition of Edward P. Kelley was offered in evidence and was excluded because it was not signed by the witness. This objection was first made at the trial. It seems clear that this is an objection which to be available under our statute must be made before trial. Section 2633 of the Revised Statutes reads as follows: "No exception other than for incompetency or irrelevancy shall be regarded unless made and filed before the commencement of the trial." The section immediately preceding provides that "Exceptions to depositions shall be in writing, shall specify the grounds of objection, and shall be filed with the papers in the case."

It does not appear from this record whether the exception to this deposition was made in writing and filed or not. It does appear that the objection was not made until after the trial was commenced. The objection that the deposition is not signed is not an objection for incompetency or irrelevancy. If the witness were incompetent, or if his testimony were incompetent or irrelevant, the objection would lie and the testimony would be excluded if the witness were produced in court. Neither incompetency nor irrelevancy depend upon the form of the deposition nor upon a compliance with the statutory directions for taking depositions. The testimony having been regularly given under the sanction of an oath does not lose the character of a deposition because the witness failed to subscribe it. See Moberly v. Harnit, 1 A. R. Mar-

shall (Ky.), page 590; Admr. of Wiggins v. Admr. of Pryar, 3 Porters Reports (Ala.), 430; Rutherford v. Nelson, 1 Haywood's Law & Equity (N. C.), 122; Morss v. Palmer, 15 Pa. St., 56.

Defendant in error cites Simpson v. Carleton, 1 Allen (Mass.), 109; Simpson v. Dix, 131 Mass., 185; and Johnson v. Perry, 54 Vt., 259. These cases do not seem to have arisen under a statute like ours.

Another error assigned which may be serious and prejudicial is the admission in evidence of certain conversation of one Blackburn with one of the defendants. Blackburn was subsequently managing agent of the company which is plaintiff in error. But it is claimed that this conversation was had before he became such agent, and even before the company was organized. If this be true it is difficult to see on what principle evidence of this conversation could be admitted.

*The judgment is reversed and the cause remanded for a new trial.*

GROESBECK, C. J., and CORN, J., concur.