[S. F. No. 5181.  In Bank.—July 7, 1909.]

In the Matter of the Estate of JAMES A. BREWER, Deceased; JAMES MORRIS BREWER et al., Appellants.

APPEALS IN PROBATE—TIME FOR TAKING—DISMISSAL.—Under section 1715 of the Code of Civil Procedure, appeals in probate proceedings must be taken within sixty days after the order, decree, or judgment is entered.  If not so taken the appeal will be dismissed.

ID.—JURISDICTION OF APPELLATE COURT—ADMISSION OF SERVICE.—The objection that an appeal has not been taken within the time limited by law goes to the jurisdiction of the court, and is not avoided by the action of the respondent in indorsing upon the notice of appeal an admission of service.  The acts of the parties cannot confer jurisdiction on the court in a case withheld by the law from its jurisdiction.

ID.—ALTERNATIVE METHOD OF APPEAL—LIMITATION OF TIME INAPPLICABLE TO APPEALS IN PROBATE.—Section 1715 of the Code of Civil Procedure, limiting the time of taking appeals in probate proceeding to sixty days after the order, decree, or judgment is entered, was not affected, nor repealed by implication by the act of March 20, 1907, adding sections 941a, 941b, and 941c to said code, and providing a new and alternative method for taking appeals from judgments, orders, or decrees of the superior court, and establishing a different limitation therefor.

ID.—EFFECT OF ALTERNATIVE METHOD OF APPEALS TO PROBATE PROCEEDINGS.—When chapter I, title XIII, part II, of the Code of Civil Procedure relating to appeals in general was enlarged by the addition of the new sections furnishing an alternative method of taking appeals, these sections, both by the generality of their language and by the terms of section 1714 of that code, were carried over and imported into probate proceedings, but, like the provisions which they supplemented, only in so far as they were consistent with the rules laid down in the title governing probate proceedings.  The appellant may follow the method laid down in the new sections, and may perfect an appeal by filing a notice, without serving it or filing an undertaking.  But in the matter of time for taking an appeal, section 1715 still remains in force.

ID.—REPEALS BY IMPLICATION.—Repeals of statutes by implication are not favored, and only take place when there is an irreconcilable conflict between the two acts, so that it is manifest that the legislature did not intend both to be effective.

ID.—SPECIAL AND GENERAL STATUTES.—Where two statutes treat of the same subject, one being special and the other general, unless they are irreconcilably inconsistent, the latter, although latest in date, will not be held to have repealed the former, but the special act will

prevail in its application to the subject-matter as far as coming within its particular provisions.

MOTION to dismiss an appeal from the Superior Court of Alameda County distributing the estate of a deceased person. T. W. Harris, Judge.

The facts are stated in the opinion of the court.

Clarke & Clarke, and R. Clark, for Appellants.

Thomas C. Huxley, for Respondent.

SLOSS, J.—Motion to dismiss an appeal from a decree of final distribution. The decree was entered on October 15, 1907. Notice of appeal was served on the attorney for the executrix on December 16, 1907, and was filed on the same day. The ground of the motion to dismiss is that the appeal was "attempted to be taken after the time limited by law."

Under the statutes, as they existed prior to the legislative session of 1907, there can be no doubt that the service and filing of the notice of appeal were too late. Section 1715 of the Code of Civil Procedure provides that appeals in probate proceedings "must be taken within sixty days after the order, decree, or judgment is entered." (*In re Wiard*, 83 Cal. 619, [24 Pac. 45].) The objection that an appeal has not been taken within the time limited by law goes to the jurisdiction of the appellate court. (*People* v. *Walker*, 132 Cal. 138, [64 Pac. 133]; *Estate of Campbell*, 141 Cal. 73, [74 Pac. 550].) There is, therefore, no force in the contention made by appellants that such objection was waived by the action of the respondent in indorsing upon the notice of appeal an admission of service. (*Towdy* v. *Ellis*, 22 Cal. 650.) Nor can the appellants rely upon the position that respondent is estopped by such admission from objecting to a consideration of the appeal. The acts of the parties cannot confer jurisdiction on the court in a case withheld by the law from its jurisdiction. Even if no objection were made, it would be the duty of the court, of its own motion, to dismiss the appeal if it appeared to be taken too late. (*Langan* v. *Langan*, 89 Cal. 186, 195, [26 Pac. 764]; *Estate of Pearson*, 119 Cal. 28, [50 Pac. 992].)

The appeal must therefore be dismissed unless it is saved by the provisions of the act of March 20, 1907, entitled "An act to add three new sections to the Code of Civil Procedure, to be known as sections 941a, 941b, and 941c, of said code, respectively, providing a new and alternative method by which appeals may be taken from judgments, orders or decrees of the superior court of the state of California to the supreme court or district courts of appeal thereof." (Stats. 1907, p. 753.) Section 941b, added to the code by this act, allows an appellant to file his notice of appeal at any time after the rendition of the judgment, order, or decree, and requires him to file it within sixty days after notice of entry of the judgment or order has been served upon the attorneys of record in the proceeding, provided that, in any event, the notice of appeal must be filed not later than six months after entry of the judgment or order. In the present instance it is admitted that no notice of entry of the decree was ever served, and the appeal is, accordingly, in time, if the case is governed by the new statute.

The three sections adopted in 1907 became, by virtue of the numbers assigned to them, a part of chapter I, title XIII, part II of the Code of Civil Procedure. Part II bears the general title "Of Civil Actions." The subject of title XIII is that "of appeals in civil actions," and chapter I deals with "appeals in general." Prior to the enactment of the new sections 941a, 941b, and 941c, the manner and the time of taking appeals were covered by sections 939, 940, and 941. Under section 939, an appeal might be taken from "a final judgment in an action or special proceeding commenced in the court in which the same is rendered, within six months after the entry of judgment." This language is general, and, if it had stood alone and unaffected by any other provision, would unquestionably have authorized an appeal from a decree of distribution in a probate matter to be taken within six months after entry. (Code Civ. Proc., sec. 23.) But the code, by other sections, specifically limits the application to probate proceedings of the provisions relating to appeals generally. Part III deals with special proceedings, and title XI of that part, covering sections 1294 to 1810, with proceedings in probate courts. Section 1714 provides that "the provisions of part two of this code, relative to new trials and appeals—except

in so far as they are inconsistent with the provisions of this title—apply to the proceedings mentioned in this title"; and section 1715 that "the appeal must be taken within sixty days after the order, decree or judgment is entered." Here is an express declaration that the general enactments regarding appeals are to apply to probate appeals only where not inconsistent with provisions declared in the title devoted to probate proceedings, and that in case of inconsistency the provisions of the probate title are to prevail. When the chapter relating to appeals in general was enlarged by the addition of new sections furnishing an alternative method of taking appeals, these new sections both by the generality of their language (*Estate of McPhee*, 154 Cal. 385, [97 Pac. 878, 881]), and by the terms of section 1714, were carried over and imported into probate proceedings, but, like the provisions which they supplemented, only in so far as they were consistent with the rules laid down in the title governing probate proceedings. The appellant may follow the method laid down in sections 941a, 941b, and 941c. He may perfect an appeal by filing a notice, and is not required either to serve notice or to furnish an undertaking. But in the matter of time for taking an appeal, section 1715 still remains in force. It limits the appellant to sixty days after the entry of the order, judgment, or decree. To the extent that this provision is inconsistent with the provision of 941b, it prevents the application of that section to probate appeals.

This result can be avoided only by holding that the new sections work a repeal, by implication, of sections 1714 and 1715. Such a holding would be contrary to well-established rules. Repeals by implication are not favored. They will be held to have taken place only where there is an irreconcilable conflict between the two acts, so that it is manifest that the legislature did not intend both to be effective. (*Malone* v. *Bosch,* 104 Cal. 680, [38 Pac. 680]; *Rowe* v. *Hibernia S. & L. Soc.,* 134 Cal. 403, [66 Pac. 569].) Here it is readily possible to give effect to both acts. The new sections, like sections 939, 940, and 941, are applicable to appeals in all cases except probate, and as to probate appeals they are applicable in all respects concerning which a contrary provision is not made in title XI of part III of the code. Sections 1714 and 1715 may still be given the effect they had before, that is,

the effect of importing into probate proceedings all code provisions governing appeals which are not inconsistent with the title covering probate matters and excluding such of them as are inconsistent.

Furthermore, it is to be observed that sections 1714 and 1715 deal with the limited and special subject of appeals from orders and decrees in probate. Sections 941a, 941b, and 941c relate to appeals in all civil matters. Their very generality furnishes the only argument for the contention that they override any contrary provision of section 1715. But "where two statutes treat of the same subject, one being special and the other general, unless they are irreconcilably inconsistent, the latter, although latest in date, will not be held to have repealed the former, but the special act will prevail in its application to the subject-matter as far as coming within its particular provisions." (*People* v. *Pacific Imp. Co.,* 130 Cal. 442, 446, [62 Pac. 739]. See, also, *Banks* v. *Yolo County,* 104 Cal. 258, [37 Pac. 900].)

From these views, it follows that the appeal was attempted to be taken after the time allowed by law.

The appeal is dismissed.

Angellotti, J., Shaw, J., Melvin, J., Henshaw, J., and Lorigan, J., concurred.