MATTHEW BOLAND, APPELLEE, v. JOHN KAVENY, APPELLANT.

Argued June Term, 1904—Decided June 13, 1904.

1. Under section 2 of the act of April 3d, 1902, providing for appeals from a District Court to this court, the judge of the District Court is not required to certify the transcribed stenographic notes of the trial as the state of the case upon appeal. He is to certify the facts found by him, in addition to the formal record showing the judgment in the cause, as the state of the case on appeal.

2. Sections 206 to 213, both inclusive, of the District Court act, approved June 14th, 1898, have no application to appeals to this court under the act approved April 3d, 1902. These sections relate to appeals to the Circuit Court and were declared unconstitutional in *Green* v. *Heritage*, 35 *Vroom* 567.

3. The correct practice stated.

On application for a rule to direct the judge of the First District Court of the city of Newark to certify the transcribed stenographic notes of the trial as the state of the case on appeal.

Before Justices VAN SYCKEL, FORT and PITNEY.

For the motion, *James M. Trimble.*

*Contra, Charles C. O'Connor.*

The opinion of the court was delivered by

FORT, J. The contention on this motion is that the appellant is entitled to have certified by the judge, as the state of the case on appeal, the transcribed stenographic notes taken on the trial of this cause in the District Court.

The appeal is by virtue of the "Act to regulate appeals from District Courts," approved April 3d, 1902. It is conceded that this act in no way requires that the judge shall

certify such transcribed notes as the case on appeal, but it is contended that section 207 of the "Act concerning District Courts (Revision of 1898)," approved June 14th, 1898, provided for a stenographic report of the trial in certain cases, and that in such cases, "in case an appeal is taken" in said cause, the transcript of the record made by said stenographer shall be certified by the judge as the state of the case for appeal." *Pamph. L.* 1898, *p.* 631.

This section of the District Court act, however, has no relevancy to appeals under the act of April 3d, 1902. Sections 206 to 213, both inclusive, of the District Court act of 1898, by their express terms, relate to appeals to the Circuit Court, for which they provide. Such appeals were held, by the Court of Errors and Appeals, in *Green* v. *Heritage, 35 Vroom* 567, to be unconstitutional. The judge of the District Court not only is not required to certify the stenographic notes of the trial as the state of the case on appeal under the act of April 3d, 1902, but he should not do so.

The practice under the act of 1902 requires that a state of the case shall be agreed upon by the parties or their attorneys, or upon failure of the parties or their attorneys to agree, that such state of the case shall be settled and signed by the judge. A transcript of the record showing the judgment should always be a part of the state of the case as agreed or settled.

If the appeal be from an alleged erroneous admission or rejection of evidence, sufficient of the testimony should be returned as a part of the case agreed or settled to clearly present the question raised.

If the appeal be founded upon a dissatisfaction with the determination or direction of the court in point of law, so much of the ruling or charge of the court as shows the alleged erroneous determination or direction should be included in the case as agreed or settled.

If, for any reason, after the case as agreed or settled has been filed, it appears that any material fact or matter which either party desires therein, and which should be therein, has

not been certified and returned, the party desiring the same may allege a diminution of the record and apply to this court, or any justice thereof, to rule the District Court to certify as to the existence of such fact or matter claimed to be material, but not found in the case as agreed or settled and sent up. *Pamph. L.* 1902, *p.* 566.

The application in this case to certify the stenographic notes as the state of the case on appeal is denied.