MANUFACTURERS' LAND AND IMPROVEMENT COMPANY
v. CITY OF CAMDEN ET AL.

Submitted December 11, 1905—Decided February 26, 1906.

Under the construction of the third section of the act of March 17th,
1858 (*Pamph. L., p.* 415), respecting the alteration of street
grades, which was put upon it by this court in *Manufacturers'
Land and Improvement Co.* v. *Camden,* 42 *Vroom* 490, the first
section of the supplementary Road act of May 8th, 1905 (*Pamph.
L., p.* 448), does not apply to cities.

On application for *mandamus.*

Before Justices DIXON, GARRISON and SWAYZE.

For the company, *James E. Hayes.*

For the city, *Edwin G. C. Bleakly.*

The opinion of the court was delivered by

DIXON, J. · The relator prays for a *mandamus* requiring
the city to take proceedings for ascertaining and assessing,
through commissioners, the damages which the relator sus-
tained by reason of the change of grade of Broadway, in front
of the relator's property, according to a city ordinance passed
December 10th, 1903. On a part of this property there are
buildings known as No. 2224 Broadway, and in pursuance of
proceedings taken by the city under the act of May 7th, 1889
(*Pamph. L., p.* 378), which entitles the owners of buildings
in cities to damages occasioned by the alteration of street
grades, an award was made to the relator on April 7th, 1905,
for the damages sustained by it as owner of those buildings.

The present application is to secure an award of damages
for the injury done to the rest of the property, on which no
building stands, and is based upon the act of May 8th, 1905
(*Pamph. L., p.* 448), amending sections 70, 72, 73, 74 and
75 of the Road act of March 27th, 1874. *Gen. Stat., p.* 2803.

These sections of the Road act are, in substance, transcripts of the act of March 17th, 1858 (*Pamph. L.*, *p.* 415), which was repealed on January 1st, 1875. *Gen. Stat.*, *p.* 3194, and *p.* 3781, ¶ 317. Section 70 of the act of 1874, like the act of 1889, conferred the right to damages only on persons owning buildings upon the street, while the first section of the act of 1905 so amends this section 70 as to extend the right to all persons who own property fronting on the street. But section 72 of the act of 1874 declared that the provisions of section 70 should not refer to any city, town or borough whose charter, or any supplement thereto then existing or which should be thereafter passed, provided or should provide for assessing and paying compensation to persons injured by the making of grades. The second section of the act of 1905 merely extends this to villages.

In *Manufacturers' Land and Improvement Co.* v. *Camden,* 42 *Vroom* 490, it was decided that the charter of Camden does not provide for assessing and paying compensation to persons injured by the making of grades, and we have found no specific supplement to that charter which does so provide.

If we were at liberty to regard the question as open, we would incline to think it doubtful whether the import of said section 72 was not limited to specific charters and supplements. But in the case just mentioned it was also decided that the act of May 7th, 1889, although general, "incorporated into every city charter a provision for assessing and paying compensation to persons injured by the making of grades, and so excluded the operation of sections 1 and 2 of the act of 1858 [which are sections 70 and 71 of the act of 1874] by force of section 3 of the act of 1858," which is section 72 of the act of 1874.

We are therefore constrained to hold that section 2 of the act of 1905 (which is substantially section 3 of the act of 1858), excludes all cities from the operation of section 1 of the act of 1905, which corresponds with section 1 of the act of 1858. On this view, the relator has no right outside of that granted by the act of 1889.

The rule for a *mandamus* must be discharged, with costs.