BENJAMIN MORRIS, PROSECUTOR, v. THE CITY OF NEWARK.

Submitted December 11, 1905—Decided February 26, 1906.

1. Whether a public law is invalid upon the ground that it was approved by the governor after the final adjournment of the legislature is not to be decided upon the stipulation of parties as to the facts upon which such claim of invalidity is based.
2. The act of March 24th, 1892 (*Pamph. L.,* p. 258), providing for permanent commissioners of assessment in cities of the first class applies to an assessment of damages for the taking of land for a public street in the city of Newark, and is not rendered inapplicable to that city by the passage of the General Condemnation act of 1900 (*Pamph. L.,* p. 79), the charter of the city of Newark bringing that municipality within the exception contained in the seventeenth section of the later statute.

---

On *certiorari* to remove assessment.

Before Justices DIXON, GARRISON and SWAYZE.

For the prosecutor, *Pilney & Hardin.*

For the defendant, *Malcolm MacLear.*

The opinion of the court was delivered by

GARRISON, J.   This writ brings up an assessment of the damages sustained by the prosecutor by reason of the taking of his lands for a public street by the city of Newark.   The assessment was made by the persons appointed by the mayor of said city to constitute the permanent commissioners of assessment provided for by the act of March 24th, 1892. *Pamph. L., p.* 255.

This statute, the prosecutor claims, was not enacted in accordance with the requirements of the constitution touching the approval of bills for the reason that the bill in this case received the approval of the governor after the final adjournment of the legislature.   The contention is that the constitution of this state confers no power upon the governor after the final adjournment of the legislature to approve bills left in his hands, and hence that such approval does not make them laws.

The great importance of this question justifies the extended consideration given to it by counsel, who have treated it as presented for judicial determination by the fourth reason filed by the prosecutor for the reversal of this assessment, supported by a stipulation as to an agreed state of facts.

The reason and stipulation thus referred to undoubtedly present the constitutional question, but a preliminary inquiry is whether upon such a stipulation, which is a mere admission of the parties, this court will adjudge that a public statute, *prima facie* one of the laws of the state, was not enacted in compliance with the constitution, to the end that such statute may be declared to be invalid.   To this inquiry the case of *Freeholders of Passaic* v. *Stevenson,* 17 *Vroom* 173, affords a conclusive answer.

The question in that case was whether the public notice of the intention to apply for the passage of a special law had been given in compliance with the requirements of the constitution.   In the opinion delivered for the Court of Errors and Appeals, Mr. Justice Van Syckel said: "The publication of an act in the pamphlet laws is *prima facie* evidence that legal notice was given.   The only counter-evidence in this

case is the admission of the parties that no notice was given. Courts cannot act upon such admissions in determining the constitutionality of statutes."

The statement of this judicial rule by the court of last resort effectually disposes of the present controversy, so far as the constitutionality of this enactment is concerned. This result renders it unnecessary to consider the larger question as to the conclusive effect of the enrollment of a statute passed upon in *Pangborn* v. *Young,* 3 *Vroom* 29, and the other cases that have since followed it.

With respect to the questions of statutory construction presented by the reasons, the prosecutor contends, in the first place, that the word "assessment" in the title of the act of 1892 means ascertainment of benefits only, and hence is not broad enough to support the enactment authorizing the assessment of damages as well as benefits. We see no reason why this purely arbitrary distinction should be made for the purpose of frustrating the plain object of the act.

A further contention is that the act of March 24th, 1892, has been repealed by the General Condemnation act of 1900 (*Pamph. L., p.* 79), and is not saved as to the city of Newark by the seventeenth section of that act, which excepts from the practice prescribed by it the taking of land for a public improvement where the award for damages is authorized by statute to be offset by benefits. Two points are made in support of this contention—*first,* that it is the practice only and not the procedure that is excepted by this section, and *second,* that the present assessment is for damages alone. As to the first point, we think "practice" was used by the legislature as synonymous with procedure, and hence includes the tribunal as well as the conduct of matters before it. As to the other point, our conclusion is that the exception deals with statutory classes and not with individual cases, and hence is satisfied by the statutory authority to offset benefits against damages contained in the charter of the defendant. *Manufacturers' Land and Improvement Co.* v. *Camden,* 42 *Vroom* 490.

It is, however, further claimed that the seventeenth section of the General Condemnation act of 1900 is itself unconstitutional in that the classification upon which its proviso rests, namely, the authority to offset benefits against damages, is not based upon identical provisions to this end in the charters of the several cities that constitute the excepted group. This contention is not tenable. The end to which the several charter provisions tend is identical, namely, the authority to offset benefits against damages, which is the substantial feature of the classification. Hence, if the proviso of the seventeenth section exclude no city whose charter contains this grant, it is general both in form and effect, notwithstanding the details of procedure by which this end is attained may be variant.

Finding no illegality in this assessment for any of the reasons urged, the report of the commissioners is in all respects affirmed, with costs.