MAX SPEISER, APPELLEE, v. NORTH JERSEY STREET RAILWAY COMPANY AND THE PUBLIC SERVICE CORPORATION, APPELLANT.

Submitted March 24, 1906—Decided June 11, 1906.

The stenographic report of a trial in a District Court may be certified by the judge of that court as the state of the case on appeal, under the act approved April 12th, 1905 (*Pamph. L.*, *p.* 259), but this statute furnishes no authority for the attorneys to certify such a state of the case on appeal.

On appeal.

Before Justices FORT, PITNEY and REED.

For the appellant, *James C. Connolly.*

For the appellee, *John A. Bernhard.*

The opinion of the court was delivered by

FORT, J.   This case is an appeal from the Elizabeth District Court.

The case sent up is made up of a transcript of the stenographic notes of the evidence taken at the trial and of the charge of the judge.

The following appears in the record before us:

"It is agreed between counsel representing the parties to the above-named suit that the following transcript of the stenographer's notes, taken on the trial of the above-named

suit, before Hon. Edward S. Atwater, judge of the Elizabeth District Court, shall constitute and be the agreed state of case, according to the statute."

This is signed by the attorney of each party.

Under the act of 1902 governing appeals from District Courts (*Pamph. L., p.* 565), the stenographic notes of the trial may not be sent up as the state of the case. *Boland* v. *Kaveny,* 42 *Vroom* 488.

The judge must certify the facts found by him or the attorneys must stipulate as to them. It is not all the evidence that is to be sent up, but only the facts found from it. *Bierman* v. *Reinhorn,* 42 *Vroom* 422; *Van Vechten* v. *McGuire,* 41 *Id.* 657.

But, it may be suggested, that by the act of April 12th, 1905, the stenographic notes may now be certified as the state of the case. *Pamph. L.* 1905, *p.* 259.

That act does so provide, but the attorneys of the parties cannot make such certificate. Under this act, where a stenographer has been designated by the District Court to transcribe any case pending therein, it is provided that "if an appeal shall be taken from or a writ of *certiorari* allowed upon the judgment in said cause the transcript of said proceedings and said testimony, made by said stenographer, shall be certified by said judge as the state of the case to be used on the hearing of said appeal or *certiorari,*" &c.

This statute gives no authority for any state of the case thus composed, except it be certified by the judge who tried the cause.

It should also be noted that no judgment is found in the state of the case, as required by *Boland* v. *Kaveny, supra.*

The appellant may have thirty days within which to perfect his appeal by procuring the certificate of the judge who tried the cause, otherwise the appeal may be dismissed.