## Ira B. Adams v. William R. Hubbard.

*Replevin: Execution: Judgment: Jurisdiction.* In an action of replevin, where the defendant, as an officer, holds the property by virtue of an execution against the plaintiff, regular on its face, it is competent for the plaintiff to show that the judgment upon which the execution issued was void for want of jurisdiction; while such an execution would protect the officer when proceeded against as a wrong-doer, it cannot be made the basis of a claim of right to the property seized, without proof of a valid judgment.

*Submitted on briefs April 28. Decided July 24.*

Error to Midland Circuit.

*M. H. Stanford* and *Wisner & Draper*, for plaintiff in error.

*Henry Hart*, for defendant in error.

CHRISTIANCY, J.

This was an action of replevin. The property was admitted to belong to the plaintiff below (plaintiff in error). The defendant, as an officer, claimed it by virtue of a levy upon an execution from a justice of the peace against the plaintiff, which he introduced in evidence, but it does not appear from the record that he gave any proof of the judgment on which it issued. The plaintiff gave evidence tending to prove that the judgment upon which the execution issued was void. As the execution was valid upon its face, the circuit judge instructed the jury that, though the proceedings before the justice were such that the justice acquired no jurisdiction, and the judgment, on the face of the proceedings, as shown by the records and files in evidence, was void; yet the execution in the hands of the officer was a sufficient defense, and the plaintiff could not sustain the action. And he therefore directed the jury to find a verdict for the defendant for the amount of the execution, holding the defendant to have a special property to this extent, and he having waived a return of the property.

This was erroneous.  If the justice had acquired no jurisdiction, there was no judgment, and the pretended execution was no execution within the meaning of the statute which prohibits a defendant in execution from bringing replevin for property taken upon it; and though, if regular upon its face, it would protect the officer when proceeded against as a wrong-doer, it cannot be made the basis of a claim of right to the property seized, without proof of a valid judgment.—*Beach v. Botsford, 1 Doug., 199 ; Le Roy v. East Saginaw Railway, 18 Mich., 233.*

The judgment must be reversed, with costs, and a new trial awarded.

COOLEY and CAMPBELL, JJ., concurred.

GRAVES, CH. J., did not sit in this case.