(December 31, 1895.)

## PENNY v. NEZ PERCES COUNTY.

[43 Pac. 570.]

APPEALS—FAILURE TO COMPLY WITH STATUTES AND RULES OF COURT—STIPULATION.—When the record fails to show a compliance with the statutes or the rules of this court in the taking of an appeal, the appeal will be dismissed.  A failure to comply with the provisions of the statutes or the rules of this court in taking an appeal cannot be cured by stipulation.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

James W. Reid, for Appellant.

As to the motion to dismiss because the record does not show entry of judgments.  In the case of *Durant v. Comegys*, 3 Idaho, 67, 35 Am. St. Rep. 267, 26 Pac. 755, Mr. Justice Morgan simply decided that the alleged judgment appealed from was simply "an order for judgment only."  In the cases at bar,

the judgments were actually drawn up in the form in which it was designed to be entered, signed by the judge and filed by the clerk, and nothing remained to be done except the mere ministerial duty, to be performed by the clerk, of copying it into the judgment-book. It was a judgment of the court. (Sawyer, J., in *Genellee v. Reylen,* 32 Cal. 160; 1 Bloch on Judgments, sec. 110.) Public officers are presumed to have performed their duty as required by law until the contrary appears. (*People v. Smith,* 59 Cal. 367; Rev. Stats., sec. 4454; 19 Am. & Eng. Ency. of Law, 49.)

Attorney General George M. Parsons and James E. Babb, for Respondent.

The specifications of errors in the statement are not, except the first, sufficiently specific to present any question for the court's consideration. (*Wilson v. Wilson,* 45 Cal. 495; *Harding v. Vandcrwater,* 40 Cal. 78; *Haggin v. Clark,* 28 Cal. 165; Rev. Stats. 1887, sec. 4441, par. 3.) There being no errors assigned in the brief according to paragraph 1 of rule 6, except said specifications in the statement, and the first of those being immaterial, and the others insufficient, there is no question before the court. The statement on motion for a new trial cannot be used, because it is not certified and signed by the judge. Hence the statement is insufficient and the agreed facts cannot be considered. (*Schrieber v. Whitney,* 60 Cal. 431; *Adams v. Dohrmann,* 63 Cal. 418; *Gee v. Terrio,* 55 Cal. 381.) The transcript does not show the entry of any judgment below, hence the appeal from the judgment should be dismissed. (*Durant v. Comegys,* 3 Idaho, 67, 35 Am. St. Rep. 267, 26 Pac. 755.)

HUSTON, J.—The transcript of this case comes to us in such questionable shape that it is extremely difficult for us to learn therefrom just what the real status of the case in this court is. Counsel seem to have an idea that the appellate jurisdiction of the court is controlled, or, at least, directed, by stipulations of counsel. The statutes prescribe the means by which the appellate powers of this court can be invoked, and in no other way can such power or jurisdiction be made available. The case, as appears from the record, was heard by the judge of the district

court, without a jury, upon an agreed statement of facts. The court finds the facts different from what is set forth in the agreed statement; as, for instance, the agreed statement of facts contains the following: "That after receiving the said warrants from the said several parties, as hereinbefore stated, on or about the middle of June, 1892, and for a long time prior thereto, plaintiff had all and each of said warrants deposited in the safe of J. D. C. Thiessen, in his saloon in the city of Lewiston, county and state aforesaid, and that, on the sixteenth day of June, 1892, the said safe of the said Thiessen was blown open and robbed of its contents, while the said county warrants were deposited therein, and all and each of the said warrants were taken by the persons who robbed the safe, and were destroyed by said persons." The eighth finding of the court is "that George Penny swears that, after receiving the said warrants as aforesaid," etc., and then follows the same language used in the statement of facts above given. Now, it appears from the record that no witnesses were sworn in the case. It was submitted upon an agreed statement of facts. If George Penny swore as stated in the said finding, it must have been in his complaint, or in the exhibit attached to said complaint; and it is evident counsel agreed that such statement, whether sworn to or not, was true, and it would seem that it should have been so accepted by the trial court. Otherwise, the findings of fact of the court are in accord with the agreed statement of facts. The court finds, as conclusion of law, "that the said board of county commissioners have no authority to issue warrants in lieu of those alleged to have been lost, as in the complaint set forth, unless especially empowered so to do by express provisions of the statute." Then follows, in the record, what is denominated therein a "decree," wherein "it is ordered, adjudged and decreed that the said complaint be dismissed, that the plaintiff take nothing thereby and that the defendant be entitled to judgment for its costs in the above-entitled action. [Signed] W. G. Piper, District Judge. Dated this twentieth day of January, 1894." Immediately following the above there appears what is denominated in the record a "judgment," which, after stating the preliminary facts, closes as follows: "Wherefore, by reason of the law and the premises aforesaid, it is ordered, ad-

judged and decreed that the said complaint in this action be dismissed, that the plaintiff take nothing thereby and that the said defendant do have and recover of and from the said plaintiff its costs and disbursements in this action. [Signed] W. G. Piper, District Judge. Judgment filed twenty-fifth day of February, 1894." The notice of appeal is from the judgment only. It is dated January 25, 1895, and served February 25, 1895. There is no evidence in the record that it was ever filed. There is contained in the transcript a stipulation, signed by the attorney for the plaintiff and the district attorney which would seem to have been made for the purpose of curing the defects in the record. We cannot recognize this kind of stipulation. In the first place, such a stipulation ignores the plain provisions of the statute, and seeks to establish jurisdiction in this court by stipulation of parties. This cannot be done. Again, we cannot recognize stipulations entered into by a district attorney after a case has passed out of the jurisdiction of the district court. Such a course is not only not in accordance with law, but is embarrassing to the officer whose duty it is to attend to those cases in the supreme court, as well as to the court itself. We find ourselves in this condition in this case: The record shows conclusively that no appeal was taken within the time prescribed by the statute, and yet the district attorney has assumed to stipulate, in a case in which, if his stipulation states the truth, he had no legal right to stipulate that the appeal was taken in time, and the record contains a written acceptance of service of the notice of appeal, signed by the district attorney, dated February 25, 1895, a full month after the time had expired for taking an appeal from the judgment, if any judgment was ever entered, which does not appear from the record. It is unpleasant for us to be constantly dismissing appeals because of a noncompliance with the statutory provisions and the rules of the court. But neither leniency nor admonition by the court seems to have any effect. Over our own rules we have control, but we have no authority to set aside or vary the positive enactments of the statute, or permit it to be done by others. In this case the appeal is from the judgment. There is no statement which we can consider. There is no bill of exceptions. The record does not show any motion for a new trial, but con-

tains a stipulation, signed by the attorneys, to the effect "that motion for new trial is considered as made, and the ruling and order of the court therein may at once be made without notice." and this stipulation is entered into March 5, 1894, and notice of appeal was served on February 25, 1895. We cannot indulge this kind of practice. The people of Nez Perces county have interests here which should not be overlooked, and they have the same right to insist upon a compliance with the law that an individual would have. The appeal is dismissed, without costs in this court.

Morgan, C. J., and Sullivan, J., concur.