SMITH V. HAWLEY, Sheriff.

1. Comp. Laws, § 5325, as amended by Laws 1893, Chap. 70, providing that when notice of motion is necessary it must be served six days before the time appointed for the hearing, does not preclude the supreme court from requiring, by rule, more than six days' notice of motion in that court.

2. Where appellant appears, and objects to the hearing of a motion to dismiss the appeal, on grounds in addition to that of insufficient notice, he thereby waives the question of notice.

3. The fact that an appeal was taken before the judgment or order appealed from was entered may be shown, on a motion to dismiss the appeal, by affidavit, or by the certificate of the clerk of the court, though outside of the record.

(Opinion filed February 1, 1899.)

Appeal from circuit court, Brookings county. Hon. J. O. ANDREWS, Judge.

Action by William H. Smith against W. H. Hawley, as sheriff of Brookings county. From judgment for plaintiff, defendant appealed. Respondent moved to dismiss the appeal on the ground that neither the judgment nor order appealed from had been entered when the appeal was taken. Motion granted and appeal dismissed.

*Alexander & Hooker*, for appellant.

*Cheever & Hall*, for respondent.

HANEY, J. Respondent moved to dismiss this appeal for the reason that neither the judgment nor order appealed from had been entered when the appeal was taken. The motion was noticed for hearing on the motion day of the proper circuit. It was based upon the affidavits of Philo Hall, Esq., one of re-

spondent's attorneys, and the clerk of the circuit court, which show that the judgment and order were not entered until after the appeal was perfected. The hearing of the motion was postponed on the court's own motion, and, when finally heard appellant appeared by counsel, and filed written objections to the hearing upon substantially the following grounds: (1) That the notice of motion was not served at least eight days before the motion day of the third circuit, as required by the rules of this court; (2) that the statements showing entry of the judgment and order before the appeal was taken, contained in the abstract, have not been denied by an additional abstract and (3) that the affidavits attached to the notice of motion are not competent evidence of the facts alleged therein.

When the court rule requiring notice of motions to the adverse party of at least eight days was adopted, the statute provided that "when notice of motion is necessary it must be served eight days before the time appointed for the hearing, but the court or judge may, by order to show cause, prescribe a shorter time." Rule 23: Comp. Laws, § 5325. In 1893 the statute was amended by making the time six days, and providing for costs in certain cases. Laws 1893, Chapter 70. The language of the original section and amendment is such as to make it doubtful whether the law was intended to apply to the supreme court, but, however this may be, we think the statute does not preclude the court from requiring more than six days' notice of motions in this court, and we hold that rule 23 is still in force. Therefore, if appellant had appeared specially, and objected on this ground alone, the objection would have been well taken; but, having appeared and objected on other grounds we think he waived the question of notice, and we proceed to consider respondent's motion upon the merits.

The court has several times decided that an appeal cannot be taken until after the judgment or order appealed from has been entered of record. "The object of an additional abstract is to bring before the court some matter in the record not contained in appellant's abstract, or to show that some matter that should appear in the record necessary to perfect the appeal has been omitted, or to show that matter in appellant's abstract has not been correctly abstracted from the record. In all these cases the question presented can be determined by an inspection of the record itself." Implement Co. v. Porteous, 7 S. D. 34, 63 N. W. 155. We are aware of no law requiring the record sent here by the circuit clerk to affirmatively show that the judgment or order was entered before the appeal was taken. In the absence of any showing to the contrary, such entering will be presumed; but this presumption may be overthrown, and it can be only by evidence outside of the record. It was therefore competent for respondent to show, by the affidavit or certificate of the clerk, that the judgment and order in this action were not entered when the appeal was taken. The motion to dismiss is granted.