MAXON, Respondent, vs. GATES, Appellant.

*May 9—May 29, 1903.*

*Appeal and error: Nonappealable orders: Supreme court: Authority to entertain appeals.*

1. An order denying a motion to dismiss an action for want of jurisdiction is not appealable. It does not terminate the action and prevent a judgment from which an appeal can be taken, as is required by subd. 1, sec. 3069, Stats. 1898.
2. The supreme court has no constitutional authority to entertain an *appeal*, not authorized by statute, merely because otherwise the aggrieved party will be without remedy.

APPEAL from an order of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Dismissed.*

On December 1, 1902, this action being pending in the circuit court for Milwaukee county on a change of venue from Ashland county, the attorney for the defendant objected to any proceedings being had in the trial thereof upon jurisdictional grounds. The trial court, viewing such objection, apparently, as one to dismiss the action for want of jurisdiction, entered an order in form so stating the object thereof and denying the motion with $10 costs. From the order entered pursuant thereto this appeal was taken.

*Rublee A. Cole,* for the appellant.

For the respondent the cause was submitted on the brief of *Glenway Maxon, in persona.*

MARSHALL, J.    The learned counsel suggests that the order should be reversed because it was entered without warrant, no such motion as the one recited therein having been made.    It is not perceived how we can consider that question. If it be true that the learned circuit court refused to pass upon the question submitted for decision, which, had he passed upon it favorably to the defendant, would, probably have called for an order remanding the cause instead of dismissing it, the appeal here does not reach the error.    It seems that such order was intended as a direct and proper response to the objection to the jurisdiction of the court.    Such objection, as we understand it, was not made in the form of a motion to remand, nor in the form of a motion to dismiss.    It was merely in the form of a demurrer, so to speak, to the jurisdiction of the court.    If the order entered is erroneous, the error is not before us for consideration, because it is not appealable within any of the provisions of the appeal statute (sec. 3069, Stats. 1898).    It is suggested that it satisfies subd. 1 of such section; but clearly not, because one of the essentials thereof is that the order shall in effect terminate the action and prevent a judgment from which an appeal may be taken.    As it is not claimed, and cannot be, reasonably, that the order satisfies any other subdivision of such section, it seems plain that no jurisdiction is conferred upon this court, and that the appeal must be dismissed.    Counsel suggests that if such be the case appellant is left entirely without remedy, because the order is not of such nature that it can be reviewed on appeal from the final judgment.    If that be so, the fault is with the law.    It is not within the constitutional authority of this court to entertain an *appeal* not authorized by statute merely because, otherwise, the party aggrieved will be without remedy.    But whether it be true that appellant has no remedy if the right of direct appeal be denied is at least a matter of serious doubt.    Further than

that we probably should not speak on the question involved, since we are entirely without jurisdiction in the matter.

*By the Court.*—The appeal is dismissed.