(April 3, 1917.)

# A. W. ATHEY, Respondent, v. OREGON SHORT LINE RAILROAD COMPANY, a Corporation, Appellant.

[165 Pac. 1116.]

APPEAL AND ERROR—PREMATURE APPEAL—EVIDENCE—ESTOPPEL—PUBLIC OFFICERS—APPEARANCE.

1. Under the existing statute an appeal from the district court to the supreme court, taken prior to the entry of the judgment in the judgment-book, does not confer jurisdiction upon the supreme court, and will be dismissed.

2. The transcript containing the record on appeal imports verity, and is the conclusive evidence of the proceedings in the lower court.

3. Any memorandum of the date of entry of judgment made by the clerk of the district court without authority of law has no standing as evidence of the date of entry of judgment.

4. The memorandum in the judgment docket of the date of the entry of judgment being the only record thereof provided by law, and the judgment docket entries not being properly part of the record on appeal, there is no authentic evidence of the date of entry of judgment in the record.

5. It is the statutory duty of the clerk of the district court to enter the judgment in the judgment-book and make up the judgment-roll prior to making the entries in the judgment docket, and when it appears that the entries in the judgment docket have been made a *prima facie* presumption arises that the clerk has done his duty and that the judgment has actually been entered in the judgment-book.

6. Neither the testimony of the clerk of the district court nor that of his deputy will be admissible to impeach the presumption of the regularity of their official acts; other evidence may be received for such purpose.

7. An appellate court can only derive its jurisdiction from the constitution and statutes of the state, and therefore, in the absence of actual fraud, there can be no estoppel to deny its jurisdiction.

8. A stipulation between the attorneys made during the time in which an appeal could properly have been taken, extending the time in which to file briefs, is not such an appearance as would confer jurisdiction upon the appellate court.

[As to validity and enforceability of stipulation between parties fixing venue of action in particular county, see note in **Ann. Cas.** 1912C, 815.]

APPEAL from the District Court of the Third Judicial District, for Ada County.   Hon. Charles P. McCarthy, Judge.

Motion to dismiss on the ground that appeal was taken prematurely.   *Motion sustained and appeal dismissed.*

H. B. Thompson and Karl Paine, for Appellant.

The record filed for the purpose of appeal imports absolute verity.   (4 Corpus Juris, sec. 2242, p. 496; *In re Pichoir's Estate,* 139 Cal. 694, 70 Pac. 213, 215, 73 Pac. 604.)

The affidavits of counsel and the deputy clerk of the district court are no proper part of the record, will not be considered and will be stricken on motion.   (*Williams v. Boise Basin Min. etc. Co.,* 11 Ida. 233, 81 Pac. 646; *In re Paige's Estate,* 12 Ida. 410, 86 Pac. 273; *Orange Growers' Bank v. Duncan,* 133 Cal. 254, 65 Pac. 469; *Johnston v. Callahan,* 146 Cal. 212, 79 Pac. 870.)

"An appellate court may obtain jurisdiction on appeal as well by voluntary appearance by an adverse party as by the service of a notice of appeal upon him."   (*Bell v. San Francisco Sav. Union,* 153 Cal. 64, 94 Pac. 225; *Moore v. Koubly,* 1 Ida. 55; *Planters' Trading Co. v. Moore,* 7 Ala. App. 393, 62 So. 302.)

V. P. Coffin and Harry Keyser, for Respondent.

The language of sec. 4807, Rev. Codes, using the term "entry of such judgment" refers to entry in the judgment-book as prescribed by sec. 4454 (*Durant v. Comegys,* 3 Ida. 67, 35 Am. St. 267, 26 Pac. 755) ; and since sec. 4807 says that the appeal may be taken within a given time *after* such entry, it has become the settled rule of all states having the same statutes that an appeal taken *before* such entry is premature, and will be dismissed on motion.   (*McLaughlin v. Doherty,* 54 Cal. 519; *Thomas v. Anderson,* 55 Cal. 43; *Coon v. Grand Lodge,* 76 Cal. 354, 18 Pac. 384; *In re More's Estate,* 143 Cal. 493, 77 Pac. 407, and cases cited; *Hoffman-Bruner Granite Co. v. Stark,* 132 Iowa, 100, 108 N. W. 329; *Greenly v. Hopkins,* 7 S. D. 561, 64 N. W. 1128; *Vollmer v. Nez Perces County,* 7 Ida.

302, 62 Pac. 925; *Santti v. Hartman,* 29 Ida. 490, 161 Pac. 249, and cases cited; *Yeomans v. Lamberton,* 29 Ida. 801, 162 Pac. 674.)

It is the duty of the appellant to see to it that the judgment is entered in the judgment-book before taking his appeal, and if the clerk neglects to enter the judgment as the law requires, either party who desires to have it entered can compel him to do so by writ of mandate. (*Oliver v. Kootenai County,* 13 Ida. 281, 284, 90 Pac. 107; *Santti v. Hartman, supra.*)

Anything inserted in the record gratuitously by the clerk without authority of law is not a record, nor any part of a record. If such notation is entitled to any consideration whatever as evidence, it is evidence only of that which the person who made it intended by it. (*In re Pearson's Estate,* 119 Cal. 27, 50 Pac. 929; *In re More's Estate,* 143 Cal. 493, 77 Pac. 407, 409.)

Stipulation cannot be allowed to confer jurisdiction upon the supreme court where the necessary jurisdictional facts do not exist. (*Penny v. Nez Perces County,* 4 Ida. 642, 43 Pac. 570; *Anderson v. Halthusen M. Co.,* 30 Utah, 31, 83 Pac. 560.)

The facts which give jurisdiction to the appellate court, and divest the jurisdiction of the trial court, as the fact that the appeal was taken within the statutory period, cannot be presumed, but must affirmatively appear upon the record. (*In re More's Estate, supra.*) The statutes limiting the time to appeal are jurisdictional and mandatory. (*Williams v. Long,* 130 Cal. 58, 80 Am. St. 68, 62 Pac. 264; *Estate of Brewer,* 156 Cal. 89, 103 Pac. 486; *Moe v. Harger,* 10 Ida. 194, 77 Pac. 645.)

RICE, J.—This action was brought in the district court of the third judicial district, in and for Ada county. The case was tried before a jury and a verdict in favor of the plaintiff was rendered on Feb. 10, 1916. The judgment was signed by the judge and filed with the clerk on February 11, 1916. On February 15, 1916, an appeal was taken and perfected. The matter comes up at this time on motion to dismiss the appeal.

The grounds for dismissal are that the appeal was taken prior to the actual entry of judgment in the judgment-book as required by sec. 4807, Rev. Codes, as amended by chap. 80, Sess. Laws, 1915. In support of his motion to dismiss the appeal, the respondent has filed three affidavits of Thomas E. Powell, deputy clerk of the district court; also the affidavit of V. P. Coffin, attorney for respondent. In opposition to this motion the appellant has filed the affidavit of Karl Paine, an attorney for appellant; also affidavits of Otto F. Peterson and Cleo J. Schooler, senior deputy and deputy clerk of the district court.

Appellant does not admit that the judgment was entered subsequent to the appeal, and relies upon the entry in the judgment docket in the office of the clerk of the district court and upon the certified copy of the record of the judgment in the judgment-book, which contains the following notation: "Entered February 11, 1916."

It must be taken as settled law in this state that an appeal taken prior to actual entry of the judgment in the judgment-book must be dismissed. (*Vollmer v. Nez Perces County,* 7 Ida. 302, 62 Pac. 925; *Santti v. Hartman,* 29 Ida. 490, 161 Pac. 249; *Yeomans v. Lamberton,* 29 Ida. 801, 162 Pac. 674.)

The transcript containing the record filed for the purpose of appeal imports absolute verity. It is the sole, conclusive and unimpeachable evidence of the proceedings in the lower court. (*Oklahoma Fire Ins. Co. v. Kimpel,* 39 Okl. 339, 135 Pac. 6; 4 Corpus Juris, 512.)

The question that concerns us here is not only the fact of the date of entry of judgment, but also the proper evidence of that fact. What constitutes the record on appeal from a final judgment is determined by Rev. Codes, sec. 4818, as amended 1911 Sess. Laws, p. 375, and sec. 4456, as amended 1909 Sess. Laws, p. 76. The law nowhere seems to provide for the authentic date of entry of judgment appearing upon any of the papers specified in these sections as constituting the record on appeal. Therefore, any date appearing thereon purporting to be the date of entry of judgment is without authority of law, and has no standing as evidence of that date.

The law does, however, provide that the clerk must make the proper entries in the judgment docket, among which is specified the date of entry of the judgment. (Rev. Codes, sec. 4457, as amended Sess. Laws 1913, p. 91, and sec. 4458.) The law does not provide that entries upon the judgment docket shall constitute any part of the record on appeal. Records and papers improperly included in a judgment-roll on appeal will be stricken on motion. (*Williams v. Boise Basin Mining etc. Co.*, 11 Ida. 233, 81 Pac. 646.)

Sections 4450, 4454, 4456 (amended 1909 Sess. Laws, p. 76), 4457 (amended 1913 Sess. Laws, p. 91), 4458 and 4459, Rev. Codes, determine the statutory duty of the clerk after rendition of a judgment or verdict. From these sections it appears that after a judgment or verdict is rendered and filed, the clerk's first duty is to enter the judgment at length in the judgment-book. Immediately after entry in the judgment-book it is his duty to fasten together papers constituting the judgment-roll. Immediately after making up the judgment-roll it is his duty to make proper entry in the judgment docket. When the entry in the judgment docket is made prior to the appeal, it will be presumed that the clerk has done his duty and judgment has been entered prior thereto, and the jurisdiction of the appellate court will be presumed. (*Smith v. Hawley*, 11 S. D. 399, 78 N. W. 355.) This, however, is only *prima facie* presumption, and may be overthrown by the proper evidence. (*Smith v. Hawley, supra.*)

When the jurisdiction of the appellate court is attacked, the question as to what is proper evidence of the fact of jurisdiction is for this court to consider. We have on the one hand an official entry in the judgment docket of the clerk to the effect that judgment was entered on Feb. 11, 1916. On the other hand we have the affidavit of the deputy to the effect that judgment was not entered before Nov. 2, 1916.

It has been held in this state that the evidence of a notary public is incompetent and inadmissible to impeach his own certificate of acknowledgment. (*Wilson v. Wilson*, 6 Ida. 597, 57 Pac. 708.) Upon the same theory the affidavits of the clerk of the district court, and his deputies, are incompetent

and inadmissible to impeach the regularity of their official acts. However, as the evidence of anyone other than the notary who made the certificate is admissible to impeach its verity, so is the evidence of anyone other than the clerk of the district court, or his deputies, competent and admissible to impeach the presumption of the regularity of the official acts of the clerk.

This rule is in no way in conflict with the rule that the record filed for the purpose of appeal imports absolute verity. The record on appeal, as has been shown, is not questioned. The only attack that has been made is upon the *prima facie* presumption that the judgment was entered prior to the time of taking the appeal. The affidavit of V. P. Coffin, being direct and certain to the effect that the judgment was not entered before Nov. 2, 1916, and being undisputed, must be received as the best evidence of the actual date of the entry of judgment in the lower court.

It has been argued by appellant that the respondent in this case is estopped to deny jurisdiction of the court on the ground that his conduct was fraudulent, in that it led the appellant to believe that the appeal was taken subsequent to the entry of judgment. This view cannot be sustained by the evidence. The attorney for the respondent was under no duty to the appellant to inform it of the date of the actual entry of the judgment. The notation of the date of the entry of judgment made in the judgment-book was not made on the suggestion of the respondent, or his attorney, but was made according to the usages and custom of the deputy clerk of the district court. It appears that the notation in the judgment book that judgment was entered Feb. 11, 1916, misled the attorneys for appellant, but it does not appear that the respondent, or his attorneys, were in any way responsible for that entry being made.

An appellate court can only derive its jurisdiction from the constitution and statutes of the state. (*Penny v. Nez Perces County*, 4 Ida. 642, 43 Pac. 570; *People v. Walker*, 132 Cal. 137, 64 Pac. 133; *Estate of Campbell*, 141 Cal. 72, 74 Pac. 550; *Brooks v. Calderwood*, 19 Cal. 124, 125.) Where a stat-

ute requires an appeal to be taken after entry of judgment, an appeal prior to entry of judgment will be dismissed as the court has no jurisdiction to consider the same. (*Santti v. Hartman, supra; Yeomans v. Lamberton, supra.*) The fact that the aggrieved party has no other remedy is immaterial. (*Maxon v. Gates,* 118 Wis. 238, 95 N. W. 92.) Where the court otherwise is without jurisdiction, jurisdiction cannot be conferred by stipulation. (*Chamberlain v. Hedger,* 10 S. D. 290, 73 N. W. 75.) The acknowledgment of *due service* on a certain date does not waive the defect that the service was too late for the purposes of the appeal. (*Towdy v. Ellis,* 22 Cal. 650, 651.) A respondent will not be estopped to deny jurisdiction of the court by his act of indorsing an admission of service of the notice of appeal. The acts of the parties cannot confer jurisdiction on the court in a case withheld by the law from its jurisdiction. (*Estate of Brewer,* 156 Cal. 89, 103 Pac. 486.)

Appellant further contends that the respondent having entered into stipulation for further time in which to file his brief in this case within the time that an appeal could lawfully be taken to this court, such stipulation was an appearance and that where there is voluntary appearance no service of notice of appeal is necessary. It has been held that a stipulation entered into between parties is not such an appearance as will confer jurisdiction upon the court. (*Washington County Land & Development Co. v. Weiser Nat. Bank,* 26 Ida. 717, 146 Pac. 116.)

It appearing that this appeal was taken prior to the actual entry of judgment, and it being the law that an appeal taken prior to the entry of judgment confers no jurisdiction on this court, this appeal must be dismissed. Costs awarded to respondent.

Morgan, J., concurs.

Budge, C. J., sat at the hearing, but took no part in the decision.

Petition for rehearing denied.