*In re* BORDER CITIES TRUCKING CO.

CARRIERS—PRIVATE CARRIERS—PERMITS—LICENSES—MOTOR VEHICLES—STATUTES.

Where evidence clearly shows that applicant for permit as private carrier has not held himself out to public to transport persons or property indiscriminately, and that he has exercised right to take what freight he chooses, he is private carrier, and is entitled to permit as such under statute (Acts Nos. 212, 312, Pub. Acts 1931).

Appeal from Michigan Public Utilities Commission. Submitted October 21, 1932. (Docket No. 184, Calendar No. 36,721.) Decided January 3, 1933. Rehearing denied April 21, 1933.

As to regulation of use of highway by private motor vehicles for hire, see annotation in 56 A. L. R. 1056; 81 A. L. R. 1415.

Clarence F. Pierce, doing business as Border Cities Trucking Company, applied to Michigan Public Utilities Commission for permit to operate as a private carrier of. freight by motor vehicle. Application denied. Applicant appeals. Reversed.

*Emelia Schaub,* for appellant.

*Paul W. Voorhies,* Attorney General, and *Hugh E. Lillie,* Assistant Attorney General (*Kit F. Clardy,* of counsel), for appellee.

CLARK, J. Border Cities Trucking Company, being Clarence F. Pierce trading under that name, made application to Michigan public utilities commission for permit as private carrier of freight by motor vehicle. The commission denied the application for the reason that, in its opinion, applicant in the business and service would be a public carrier, not a private carrier. The applicant has appealed, pursuant to section 8, Act No. 312, Pub. Acts 1931, and paragraph (j), § 1, same act. Although there is contradictory statement in paragraph (f) of section 1 of the same act as to appeal, it is apparent that full review of law and facts was intended by the legislature.

From section 1 of the act:

"(f) The words 'over fixed routes or between fixed termini' as used herein, or in any certificate granted hereunder, shall mean the route or termini over or between which public or private carriers shall usually or ordinarily operate their motor vehicles, though departures from such route or termini may be periodical or irregular."

And:

"(i) Any person who shall engage or continue in the business of transporting persons or property,

or both, by motor vehicle, for hire, upon or over the public highways of this State, over fixed routes or between fixed termini, and who shall hold himself out to the public to transport persons or property, or both, indiscriminately, or as a common carrier, is hereby classified and defined as a public carrier.

"(j)  All other persons who shall engage or continue in the business of transporting persons or property, or both, by motor vehicle, for hire, upon or over the public highways of this State, even though such transportation may be over fixed routes and between fixed termini, either under contract or otherwise, but who shall not come within the classification of public carriers, as herein defined, are hereby classified and defined as private carriers. It is the legislative intent to include in this private carrier classification each and every carrier of all kinds and descriptions using the public highways of the State for hire, but who are not in fact common or public carriers. Whether any person shall be deemed to constitute a public carrier, or a private carrier, within the meaning of this act shall be a question of fact, and the commission shall make such determination, and its finding shall be subject to review or appeal, as provided in section eight hereof."

The statute quoted defines a public carrier. There are three principal elements in the definition, as follows: 1, Any person engaging or continuing in the business of transporting persons or property or both by motor vehicle, for hire upon or over the highways of this State, and, 2, over fixed routes or between fixed termini, and, 3, who shall hold himself out to the public (a) to transport persons or property or both indiscriminately, (b) or as a common carrier.

Act No. 212, Pub. Acts 1931, § 6, speaking of permits to private carriers:

"Such permits shall be issued as a matter of right upon proof of full compliance with all provisions of law, it being the express legislative intent to require such registration and permit for the purpose of making possible and assisting in the supervision and regulation of such carriers in their use of and operation upon the highways and to promote safety upon and to conserve the use of such highways."

And Act No. 312, Pub. Acts 1931, § 14, further provides:

"Nothing in this act shall be construed as converting or attempting to convert any carrier not in fact a common carrier into a common carrier. This act is primarily intended to define, classify and regulate carriers of persons and property for hire using the public highways of the State in carrying on their business whether as public or private carriers."

The facts here are clearly to the effect that appellant has not held himself out to the public to transport persons or property indiscriminately nor as a public carrier. He has not the equipment to carry freight, goods, and merchandise, generally. His trucks are open stake bodies except one. He has and exercises the right to take what freight he chooses. His business is upon the principle of profit to himself, not upon obligation to the public as a public carrier. He has a number of regular or contract customers. He has solicited certain business. He has preserved his right to discriminate.

The following from *Michigan Public Utilities Commission* v. *Duke,* 266 U. S. 570 (45 Sup. Ct. 191, 36 A. L. R. 1105), is applicable:

"Plaintiff is a private carrier.  *  *  *  He has no power of eminent domain or franchise under the

State, and no greater right to use the highways than any other member of the body public. He does not undertake to carry for the public and does not devote his property to any public use. He has done nothing to give rise to a duty to carry for others. The public is not dependent on him or the use of his property for service, and has no right to call on him for transportation.''

And, in that case, it was held:

''Moreover, it is beyond the power of the State by legislative fiat to convert property used exclusively in the business of a private carrier into a public utility, or to make the owner a public carrier, for that would be taking private property for public use without just compensation, which no State can do consistently with the due process of law clause of the Fourteenth Amendment.''

See: *Lawton* v. *Steele,* 152 U. S. 133 (14 Sup. Ct. 499); *Liggett Co.* v. *Baldridge,* 278 U. S. 105 (49 Sup. Ct. 57); *Allgeyer* v. *Louisiana,* 165 U. S. 578 (17 Sup. Ct. 427); *Continental Baking Co.* v. *Woodring,* 286 U. S. 352 (52 Sup. Ct. 595, 81 A. L. R. 1402).

The third element of the statutory definition is not present, and hence applicant is not a public carrier. This element lacking, there is no occasion to consider other elements such as ''fixed routes or between fixed termini.''

It follows that order is reversed, and cause remanded for permit as private carrier under the statute. No costs.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.