*In re* APPLICATION OF CONSOLIDATED FREIGHT CO.

WESTERN MICHIGAN TRANSPORTATION CO. *v.* MICHIGAN PUBLIC UTILITIES COMMISSION.

NORTHERN MOTOR TRANSPORTATION CO. *v.* SAME.

1. CONSTITUTIONAL LAW—STATUTES—PUBLIC UTILITIES COMMISSION—REVIEW OF ORDERS—EQUITY.

Act No. 212, Pub. Acts 1931, § 13, and Act No. 312, Pub. Acts 1931, § 8, providing for review by Supreme Court of orders of Michigan public utilities commission and that practice on appeals from circuit courts in equity is to apply and govern such reviews, *held,* unconstitutional in so far as attempt is made to vest Supreme Court with power to review and make final determinations upon questions of fact, but valid in so far as review of questions of law is provided.

2. CARRIERS—REVIEW OF CASES.

Prompt review and final determination is almost imperative in cases involving the business of a carrier.

3. CONSTITUTIONAL LAW—SUPREME COURT—JURISDICTION.

Jurisdiction of Supreme Court as fixed by the Constitution cannot be increased or diminished by the legislature (Const. art. 7, § 4).

4. SAME—PUBLIC UTILITIES COMMISSION—REVIEW OF ORDERS—COURTS.
   Public utilities commission is primarily an administrative body but functions in a *quasi*-judicial capacity as a fact-finding body that applies law as enacted by legislature to facts found; and, all judicial power having been vested in the courts, review therein of commission's orders may be had in so far as questions of law are involved.

5. COURTS—PUBLIC UTILITIES COMMISSION—REVIEW OF ORDERS.
   Orders of public utilities commission, in so far as they involve administration of executive or legislative matters, are not reviewable by Supreme Court.

6. CERTIORARI—PUBLIC UTILITIES COMMISSION—REVIEW OF ORDERS.
   Sole review of public utilities commission's action under statutes licensing carriers by motor vehicle is strictly in nature of certiorari where legal aspect, but not factual phases, of its determination may be reviewed and statutory provisions to the contrary are unconstitutional (Const. art. 7, § 4, Acts Nos. 212 and 312, Pub. Acts 1931).

7. COURTS—SUPREME COURT—PUBLIC UTILITIES COMMISSION—REVIEW OF ORDERS—INVESTIGATION.
   Determination of public utilities commission granting permit to common carrier of freight by motor vehicle based upon testimony taken at hearing and upon its own investigation is not reviewable by Supreme Court where record does not disclose information obtained upon the investigation.

8. APPEAL AND ERROR—PUBLIC UTILITIES COMMISSION.
   Determination of public utilities commission on question of fact is affirmed on appeal where Supreme Court cannot say order is without support either in facts disclosed upon hearing or by investigation of commission.

9. CERTIORARI—LEAVE OF COURT.
   Appeal in nature of certiorari taken without leave of appellate court might have been dismissed *sua sponte*.
   WEADOCK, POTTER, and FEAD, JJ., dissenting in part.

Appeal from Michigan Public Utilities Commission. Submitted October 5, 1933. (Docket No. 65, Calendar No. 37,392.) Decided December 5, 1933.

Consolidated Freight Company applied for a certificate of convenience and necessity as a common carrier of freight by motor vehicle. Western Michigan Transportation Company and Northern Motor Transportation Company appeal from order granting permit. Affirmed.

*Francis L. Williams,* for appellants.

*Hayden, Hubbard & Rathbun (Robert T. Arvidson,* of counsel), for appellee Consolidated Freight Company.

POTTER, J. (*dissenting*). March 20, 1933, the Michigan public utilities commission directed a certificate of public convenience and necessity issue to the Consolidated Freight Company as a common carrier of freight by motor vehicle for hire between Grand Rapids and Cadillac, via US-131, to the junction with M-44, thence via M-44 to Belding, M-66 to junction with M-55, thence M-55 to Cadillac, by transfer of a certificate of public convenience and necessity theretofore issued to Wm. S. Mooney. Northern Motor Transportation Company and Western Michigan Transportation Company appeal. The right to appeal is based upon Act No. 212, Pub. Acts 1931, § 13, and Act No. 312, Pub. Acts 1931, § 8.

The fixing of rates for public utilities is a legislative, not a judicial function. *City of Cadillac* v. *Citizens' Telephone Co.,* 195 Mich. 538; *Michigan Central R. Co.* v. *Michigan Railroad Commission,* 160 Mich. 355; *City of Detroit* v. *Michigan Railroad Commission,* 209 Mich. 395 (P. U. R. 1920 D, 867); *Louisville & Nashville R. Co.* v. *Garrett,* 231 U. S. 298 (34 Sup. Ct. 48); *Prentis* v. *Atlantic Coast Line Co.,* 211 U. S. 210 (29 Sup. Ct. 67).

The Constitution of this State expressly provides that the legislature may fix rates for certain car-

riers, and authorizes the delegation of the rate-making power by the legislature to a commission created by law. Constitution, art. 12, § 7.

There is a distinction between legislative and judicial acts. The legislature makes the law—courts apply it. To enact laws is an exercise of legislative power; to interpret them is an exercise of judicial power. To declare what the law shall be is legislative; to declare what it is or has been is judicial. The legislative power prescribes rules of action. The judicial power determines whether, in a particular case, such rules of action have been transgressed. The legislature prescribes rules for the future. The judiciary ascertains existing rights.

"A judicial inquiry investigates, declares, and enforces liabilities as they stand on present or past facts and under laws supposed already to exist. That is its purpose and end. Legislation on the other hand looks to the future and changes existing conditions by making a new rule to be applied thereafter to all or some part of those subject to its power." *Prentis* v. *Atlantic Coast Line Co., supra.*

The distinction between legislative and judicial power is emphasized in the Constitution of Michigan, article 4 of which divides governmental powers into legislative, executive, and judicial, and provides:

"No person belonging to one department shall exercise the powers properly belonging to another except in the cases expressly provided in this Constitution."

These provisions of the Constitution are jealously guarded.

"Under our Constitution, which jealously separates the powers of government into legislative, executive, and judicial departments, the powers and

duties properly belonging to one department cannot by statutory enactment be granted to or imposed upon another department." *People* v. *Dickerson*, 164 Mich. 148 (33 L. R. A. [N. S.] 917, Ann. Cas. 1912 B, 688).

The public utilities commission, by the express terms of the Constitution, cannot exercise judicial power. It is an administrative body, exercising administrative and ministerial duties. *Michigan Central R. Co.* v. *Michigan Railroad Commission, supra;* 2 Elliott on Railroads (2d Ed.), § 675.

"A public utility commission is an instrumentality of the State, created for the accomplishment of public purposes; its acts are acts of the State, even though irregular, wrongful, or illegal, and its members or commissioners are State officers, although chosen or elected from districts. Such a commission is not a court, but is an administrative body, authorized to find or determine facts, upon which the laws then operate." 51 C. J. p. 34, and cases cited.

The orders of the Michigan public utilities commission, other than those involved in Act No. 212 and Act No. 312, Pub. Acts 1931, are reviewable by bill in chancery filed in the circuit court of Ingham county (2 Comp. Laws 1929, § 11042), in the same manner the orders of the Michigan railroad commission could be reviewed. 2 Comp. Laws 1929, § 11014. This general rule applies to orders relating to water power and water supply companies (3 Comp. Laws 1929, § 11873); telephone companies (3 Comp. Laws 1929, § 11713); carriers by water (3 Comp. Laws 1929, § 11075); interurban railroads (3 Comp. Laws 1929, § 11487). Act No. 209, Pub. Acts 1923, did not specifically provide for a review, such review being governed by 2 Comp. Laws 1929, §§ 11014, 11042, which it was unnecessary to repeat.

The question is whether Act No. 212, Pub. Acts 1931, § 13, and Act No. 312, Pub. Acts 1931, § 8, are valid. Both sections refer to the review of the orders of the Michigan public utilities commission by the Supreme Court. These sections provide for review by the Supreme Court as to the law and the facts. The practice on appeals from circuit courts in equity is to apply and govern such review; and "The Supreme Court *is given jurisdiction* to hear and determine such matters made reviewable hereunder."

The jurisdiction of the Supreme Court is divided into original and appellate. The original jurisdiction of the Supreme Court is limited to the general supervisory control over inferior courts and tribunals. In all other causes it has appellate jurisdiction only. Constitution 1908, art. 7, § 4.

Courts of appellate jurisdiction are those which review causes removed by appeal or error from another court. 15 C. J. p. 720. They take cognizance of causes removed from another court by appeal or writ of error. 1 Bouvier's Law Dictionary (Rawle's 3d Rev.), p. 695. An appellate court revises and corrects the proceedings in a cause already instituted in another court. *Marbury* v. *Madison,* 1 Cranch (5 U. S.), 137.

Appellate jurisdiction is defined to be the power and authority to rehear and redetermine cases which have been tried in inferior courts. *City of Brownsville* v. *Basse,* 43 Tex. 440; *Waters-Pierce Oil Co.* v. *State,* 107 Tex. 1 (106 S. W. 326); *State, ex rel. Scott,* v. *Smith,* 104 Mo. 419 (16 S. W. 503).

"The Supreme Court has no original equity jurisdiction. In matters of equity it has appellate powers only." *Bank of Michigan* v. *Niles,* Walk. Ch. 398.

"In respect to equity jurisdiction, the powers of this court are strictly appellate." *Bailey* v. *De-Graff*, 2 Doug. 169.

"The jurisdiction of this court in equity cases is confined to the rehearing of the case upon the record presented in the circuit court." *King* v. *Carpenter*, 37 Mich. 363.

Jurisdiction of the subject-matter cannot be waived. It comes from the law and may not be acquired by waiver or consent. *Bolton* v. *Cummings*, 200 Mich. 234; *Miller* v. *Johnson*, 201 Mich. 535; *Munroe, Boyce & Co.* v. *Ward*, 207 Mich. 369; *Carpenter* v. *Dennison*, 208 Mich. 441. The question of jurisdiction of the subject-matter may be raised at any time. *Attorney General, ex rel. Lockwood*, v. *Moliter*, 26 Mich. 444; *Adams* v. *Hubbard*, 30 Mich. 104; *Woodruff* v. *Ives*, 34 Mich. 320; *Horton* v. *Howard*, 79 Mich. 642 (19 Am. St. Rep. 198); *Tromble* v. *Hoffman*, 130 Mich. 676; *Attorney General, ex rel. Wolverine Fish Co.*, v. *A. Booth & Co.*, 143 Mich. 89; *Woodliff* v. *Citizens Building & Realty Co.*, 245 Mich. 292.

The members of this court are bound by oath to support the Constitution of this State and the Constitution of the United States. It ought not to assert or exercise jurisdiction which the Constitution has denied to it. It is the duty of the court to raise the question of the jurisdiction on its own motion (*Mansfield, C. & L. M. R. Co.* v. *Swan*, 111 U. S. 379 [4 Sup. Ct. 510]; *Morris* v. *Gilmer*, 129 U. S. 315 [9 Sup. Ct. 289]; 15 C. J. p. 852), especially when the assertion of jurisdiction involves an exercise of power denied by the Constitution.

This court should exercise no jurisdiction denied to it by the Constitution from which it derives its right to exist. *Norman* v. *Curry*, 27 Ark. 440; *Dun-*

*can* v. *Railroad Co.,* 68 W. Va. 293 (69 S. E. 1004, Ann. Cas. 1912 B, 272) ; *Titus* v. *Latimer,* 5 Tex. 433; *Rhyne* v. *Lipscombe,* 122 N. C. 650 (29 S. E. 57) ; *Boland* v. *Kaveny,* 71 N. J. Law, 488 (58 Atl. 99) ; *Condon* v. *Gore,* 89 Md. 230 (42 Atl. 900) ; 3 C. J. pp. 298, 357. The fact that the aggrieved party has no other remedy does not confer jurisdiction denied by the Constitution. *Maxon* v. *Gates,* 118 Wis. 238 (95 N. W. 92).

Since *Marbury* v. *Madison, supra,* it has been the settled rule of constitutional construction that the legislature may not confer original jurisdiction upon the Supreme Court where the Constitution says it shall have appellate jurisdiction only. As said by Chief Justice Marshall in the case above cited:

"If congress remains at liberty to give this court appellate jurisdiction, where the Constitution has declared their jurisdiction shall be original; and original jurisdiction where the Constitution has declared it shall be appellate; the distribution of jurisdiction, made in the Constitution is form without substance."

And in *Cohens* v. *Virginia,* 6 Wheat. (19 U. S.) 264, it was held that such a construction would render the clause dividing the jurisdiction of the court into original and appellate totally useless.

If the Constitution conferred jurisdiction on the Supreme Court to hear and determine cases of this character, it would be unnecessary by statute to attempt to give the Supreme Court jurisdiction, as provided in Act No. 212, Pub. Acts 1931, § 13, and Act No. 312, Pub. Acts 1931, § 8.

It seems to be self-evident the legislature has no power and authority to confer original jurisdiction upon the Supreme Court where the Constitution says it shall have appellate jurisdiction only. For

these reasons, Act No. 212, Pub. Acts 1931, § 13, and Act No. 312, Pub. Acts 1931, § 8, are unconstitutional and void. In *Re Border Cities Trucking Co.*, 261 Mich. 385, and *Re Columbian Storage & Transfer Co.*, 261 Mich. 390, the jurisdictional question above discussed was not raised.

Appeal dismissed, but without costs.

Weadock and Fead, JJ., concurred with Potter, J.

North, J. Mr. Justice Potter's opinion herein holds Act No. 212, § 13, and Act No. 312, § 8, Pub. Acts 1931, unconstitutional. These two sections are exactly alike and read:

"The orders of the commission issued under the provisions of this act shall be subject to review by the Supreme Court of the State, both as to the law and the facts, and the statutes, rules and practice on appeals to the Supreme Court from circuit courts in equity cases shall apply to and govern proceedings for such review. The Supreme Court is given jurisdiction to hear and determine such matters made reviewable hereunder."

For reasons hereinafter indicated I am in accord with Justice Potter's opinion wherein he holds the quoted provision invalid in so far as it attempts to vest the Supreme Court with power to review and to make final determination of issues of fact passed upon by the public utilities commission. But I cannot agree that the act is invalid in so far as it provides for review in the Supreme Court of questions of law or the application of the law in the proceeding before the commission, such review being strictly in the nature of certiorari.

While not determinative of the legal question involved, it may be noted in passing that in this type of cases the necessity for prompt review and final determination is often, perhaps usually, almost im-

perative.   Belated determination is of little or no
value to the litigant whose business or proposed
business as a carrier in the meantime has been
greatly jeopardized if not ruined.   It is fair to pre-
sume that this is the reason which prompted the
legislature to provide in these acts for direct review
of the commission's determination by the Supreme
Court, rather than by procedure through the circuit
court.

As noted in my brother's opinion, the jurisdiction
of the Supreme Court is fixed by the Constitution.
It can neither be increased nor diminished by legis-
lative enactment.   Therefore in the instant case it
is necessary to inquire whether the Supreme Court
has power ''to hear and determine'' on appeal is-
sues of law and of fact, either or both, as passed
upon by the public utilities commission.   It is thor-
oughly established in this State that this and similar
commissions are *quasi*-judicial bodies.   *Rapid Rail-
way Co.* v. *Michigan Public Utilities Commission,*
225 Mich. 425 (P. U. R. 1924 B, 585); *Pollitz* v.
*Michigan Railroad Commission,* 205 Mich. 549, 560
(P. U. R. 1919 E, 10); *Mackin* v. *Detroit-Timkin
Axle Co.,* 187 Mich. 8, 18.   They are empowered to
perform certain acts and make certain determina-
tions which in their nature are *quasi*-judicial.   But
the Constitution vests all judicial power in the
courts, and it follows that determinations of this
character by the respective commissions are not
final, and cannot be made so by legislation.   Instead,
in so far as questions of law are involved, deter-
minations of such *quasi*-judicial bodies are review-
able by the courts.   This practice is thoroughly es-
tablished in this jurisdiction.   It has become a fixed
feature of our system of jurisprudence, and we
should not now depart therefrom.   Such is the prac-

tice provided by statute which has been followed for years by this court in reviewing industrial accident cases. See 2 Comp. Laws 1929, § 8451, and a multitude of cases cited in the note.

But the public utilities commission and other commissions of like character are primarily administrative bodies, adjuncts to either or both the legislative department or the executive department. They also function in quasi-judicial capacities. But because of constitutional prohibitions (Const. art. 5, § 1; art. 7, § 1) neither legislative powers nor purely judicial functions can be exercised by such commissions or boards.

"Powers delegated to administrative boards. There are no constitutional objections arising out of the doctrine of the separation of the powers of government to the creation of administrative boards empowered within certain limits to adopt rules and regulations, and authorizing them to see that the legislative will expressed in statutory form is carried out by the persons or corporations over whom such board may be given administrative power. Boards and commissions of this character do not exercise any of the powers delegated to the legislature. They do not make any laws. They merely find the existence of certain facts, and to these findings of fact the law enacted by the legislature is applied and enforced. As in the case of other executive officers, administrative boards may be given the power to perfect the details of a plan the general outlines of which have been laid down in a statute of the legislature." 6 R. C. L. p. 179.

"And statutes conferring on officers, boards, or commissions quasi-judicial functions, as, for example, the necessity of inquiry into, and a finding of, facts incidental to the exercise of powers properly within the scope of legislative or executive authority, are not unconstitutional as encroachments on the judiciary." 12 C. J. p. 809.

See, also, *Michigan Central R. Co.* v. *Michigan Railroad Commission,* 160 Mich. 355; *City of Traverse City* v. *Michigan Railroad Commission,* 202 Mich. 575, 581 (P. U. R. 1918 F, 752).

Within its proper sphere such a commission often determines issues of fact, which determination renders operative or inoperative, as the case may be, legislative enactments. But, in so functioning, the commission is not exercising a legislative power. In such instances the determinations of fact issues pertain only to the functioning of the commission in its legislative capacity, as an adjunct to the legislature. The policy or wisdom of such action by the commission cannot be reviewed by the courts any more than can the policy or wisdom of a legislative enactment be reviewed by the courts. In short, in so far as the functioning of a commission pertains to the administration of executive or legislative matters, it is not reviewable in this court.

In the instant case the exact question involved is whether there shall be granted a certificate of public convenience and necessity to appellant under which it may operate as a common carrier over a fixed route within the State of Michigan. Primarily this is clearly a legislative question, not a judicial one. The legislature has properly delegated to the public utilities commission the administrative power of determining whether under the facts disclosed to it the certificate should be granted. In so determining the public utilities commission is acting in its legislative capacity and the factual aspect of such determination is not reviewable in this court. Provisions in Acts Nos. 212 and 312, Pub. Acts 1931, to the contrary are unconstitutional and void.

However, the commission must act within the law. Whether it has so acted is subject to review by the courts and such review is strictly in the nature of

certiorari where the legal aspect of the commission's determination may be inquired into, but not the factual phases of its determination. In so far as the quoted section of the statute provides for a' review by the Supreme Court of questions of law arising incident to the *quasi*-judicial actions of the commission, it is not violative of the Michigan Constitution which vests in the Supreme Court the power to issue original and remedial writs and to hear and determine the same. Constitution, art. 7, § 4.

The principal contention asserted by appellants on this appeal is that the evidence before the utilities commission did not show the requisite public convenience or necessity for issuing a permit to appellee. On application for a permit the statute requires the commission to:

"find and determine that public convenience and necessity require the exercise of such privilege, and said commission shall refuse to issue any certificate if, upon investigation of all existing highway transportation facilities and hearing, it shall appear to the satisfaction of the commission that public convenience and necessity do not require such additional facilities as applied for." Act No. 312, Pub. Acts 1931, § 5.

From this statutory provision it appears that the commission acts not only upon the testimony taken at the hearing but it may make an investigation on its own account and consider the results of such investigation in granting or withholding the permit. Needless to say a question of fact was presented to and determined by the commission. It is equally clear that determination of such issue based in whole or in part upon "investigation" by the commission cannot be reviewed in this court upon a record which, as in the instant case, contains no

information as to what the commission's investigation disclosed. But entirely apart from this anomalous situation, on review by certiorari this court has no power to substitute its judgment for that of the commission on issues of fact.

"The office of a certiorari is not, however, to review questions of fact, but questions of law. And, in examining into the evidence, the appellate court does so, not to determine whether the probabilities preponderate one way or the other, but simply to determine whether the evidence is such that it will justify the finding as a legitimate inference from the facts proved, whether that inference would, or would not, have been drawn by the appellate tribunal." *Jackson* v. *People* (syllabus), 9 Mich. 111 (77 Am. Dec. 491).

See, also, *People* v. *Martin,* 256' Mich. 33; *Attorney General* v. *Nelson,* 263 Mich. 686.

Testimony was taken in support of appellee's application for a permit and in opposition thereto. From a consideration of the record presented to us on this appeal we cannot say that the commission's order granting the permit is without support either in the facts disclosed at the hearing or by an investigation of the commission. Therefore, the order must stand. The determination of the public utilities commission is affirmed, with costs to the Consolidated Freight Company.

It should be noted that the appeal in the nature of certiorari was taken without first having obtained leave. Court Rule No. 60 (1931). For that reason the appeal might well have been dismissed by the court on its own motion. *Quail* v. *Cole,* 260 Mich. 642.

McDONALD, C. J., and SHARPE, WIEST and BUTZEL, JJ., concurred with NORTH, J.