March 20, 1933, the Michigan public utilities commission directed a certificate of public convenience and necessity issue to the Consolidated Freight Company as a common carrier of freight by motor vehicle for hire between Grand Rapids and Cadillac, via US-131, to the junction with M-44, thence via M-44 to Belding, M-66 to junction with M-55, thence M-55 to Cadillac, by transfer of a certificate of public convenience and necessity theretofore issued to Wm. S. Mooney. Northern Motor Transportation Company and Western Michigan Transportation Company appeal. The right to appeal is based upon Act No. 212, Pub. Acts 1931, § 13, and Act No. 312, Pub. Acts 1931, § 8.
The fixing of rates for public utilities is a legislative, not a judicial function. City of Cadillac v. Citizens'Telephone Co., 195 Mich. 538; Michigan Central R. Co. v.Michigan Railroad Commission, 160 Mich. 355; City of Detroit v.Michigan Railroad Commission, 209 Mich. 395 (P. U. R. 1920 D, 867); Louisville Nashville R. Co. v. Garrett,231 U.S. 298 (34 Sup. Ct. 48); Prentis v. Atlantic Coast Line Co.,211 U.S. 210 (29 Sup. Ct. 67).
The Constitution of this State expressly provides that the legislature may fix rates for certain carriers, *Page 343 
and authorizes the delegation of the rate-making power by the legislature to a commission created by law. Constitution, art. 12, § 7.
There is a distinction between legislative and judicial acts. The legislature makes the law — courts apply it. To enact laws is an exercise of legislative power; to interpret them is an exercise of judicial power. To declare what the law shall be is legislative; to declare what it is or has been is judicial. The legislative power prescribes rules of action. The judicial power determines whether, in a particular case, such rules of action have been transgressed. The legislature prescribes rules for the future. The judiciary ascertains existing rights.
"A judicial inquiry investigates, declares, and enforces liabilities as they stand on present or past facts and under laws supposed already to exist. That is its purpose and end. Legislation on the other hand looks to the future and changes existing conditions by making a new rule to be applied thereafter to all or some part of those subject to its power."Prentis v. Atlantic Coast Line Co., supra.
The distinction between legislative and judicial power is emphasized in the Constitution of Michigan, article 4 of which divides governmental powers, into legislative, executive, and judicial, and provides:
"No person belonging to one department shall exercise the powers properly belonging to another except in the cases expressly provided in this Constitution."
These provisions of the Constitution are jealously guarded.
"Under our Constitution, which jealously separates the powers of government into legislative, executive, and judicial departments, the powers and *Page 344 
duties properly belonging to one department cannot by statutory enactment be granted to or imposed upon another department."People v. Dickerson, 164 Mich. 148 (33 L.R.A. [N. S.] 917, Ann. Cas. 1912 B, 688).
The public utilities commission, by the express terms of the Constitution, cannot exercise judicial power. It is an administrative body, exercising administrative and ministerial duties. Michigan Central R. Co. v. Michigan RailroadCommission, supra; 2 Elliott on Railroads (2d Ed.), § 675.
"A public utility commission is an instrumentality of the State, created for the accomplishment of public purposes; its acts are acts of the State, even though irregular, wrongful, or illegal, and its members or commissioners are State officers, although chosen or elected from districts. Such a commission is not a court, but is an administrative body, authorized to find or determine facts, upon which the laws then operate." 51. C. J. p. 34, and cases cited.
The orders of the Michigan public utilities commission, other than those involved in Act No. 212 and Act No. 312, Pub. Acts 1931, are reviewable by bill in chancery filed in the circuit court of Ingham county (2 Comp. Laws 1929, § 11042), in the same manner the orders of the Michigan railroad commission could be reviewed. 2 Comp. Laws 1929, § 11014. This general rule applies to orders relating to water power and water supply companies (3 Comp. Laws 1929, § 11873); telephone companies (3 Comp. Laws 1929, § 11713); carriers by water (3 Comp. Laws 1929, § 11075); interurban railroads (3 Comp. Laws 1929, § 11487). Act No. 209, Pub. Acts 1923, did not specifically provide for a review, such review being governed by 2 Comp. Laws 1929, §§ 11014, 11042, which it was unnecessary to repeat. *Page 345 
The question is whether Act No. 212, Pub. Acts 1931, § 13, and Act No. 312, Pub. Acts 1931, § 8, are valid. Both sections refer to the review of the orders of the Michigan public utilities commission by the Supreme Court. These sections provide for review by the Supreme Court as to the law and the facts. The practice on appeals from circuit courts in equity is to apply and govern such review; and "The Supreme Court isgiven jurisdiction to hear and determine such matters made reviewable hereunder."
The jurisdiction of the Supreme Court is divided into original and appellate. The original jurisdiction of the Supreme Court is limited to the general supervisory control over inferior courts and tribunals. In all other causes it has appellate jurisdiction only. Constitution 1908, art. 7, § 4.
Courts of appellate jurisdiction are those which review causes removed by appeal or error from another court. 15 C. J. p. 720. They take cognizance of causes removed from another court by appeal or writ of error. 1 Bouvier's Law Dictionary (Rawle's 3d Rev.), p. 695. An appellate court revises and corrects the proceedings in a cause already instituted in another court. Marbury v. Madison, 1 Cranch (5 U.S.), 137.
Appellate jurisdiction is defined to be the power and authority to rehear and redetermine cases which have been tried in inferior courts. City of Brownsville v. Basse, 43 Tex. 440;Waters-Pierce Oil Co. v. State, 107 Tex. 1 (106 S.W. 326);State, ex rel. Scott, v. Smith, 104 Mo. 419 (16 S.W. 503).
"The Supreme Court has no original equity jurisdiction. In matters of equity it has appellate powers only." Bank ofMichigan v. Niles, Walk. Ch. 398. *Page 346 
"In respect to equity jurisdiction, the powers of this court are strictly appellate." Bailey v. DeGraff, 2 Doug. 169.
"The jurisdiction of this court in equity cases is confined to the rehearing of the case upon the record presented in the circuit court. King v. Carpenter, 37 Mich. 363.
Jurisdiction of the subject-matter cannot be waived. It comes from the law and may not be acquired by waiver or consent.Bolton v. Cummings, 200 Mich. 234; Miller v. Johnson, 201 Mich. 535; Munroe, Boyce Co. v. Ward, 207 Mich. 369;Carpenter v. Dennison, 208 Mich. 441. The question of jurisdiction of the subject-matter may be raised at any time.Attorney General, ex rel. Lockwood, v. Moliter, 26 Mich. 444;Adams v. Hubbard, 30 Mich. 104; Woodruff v.Ives, 34 Mich. 320; Horton v. Howard, 79 Mich. 642
(19 Am. St. Rep. 198); Tromble v. Hoffman, 130 Mich. 676;Attorney General, ex rel. Wolverine Fish Co., v. A. Booth Co., 143 Mich. 89; Woodliff v. Citizens Building Realty Co.,245 Mich. 292.
The members of this court are bound by oath to support the Constitution of this State and the Constitution of the United States. It ought not to assert or exercise jurisdiction which the Constitution has denied to it. It is the duty of the court to raise the question of the jurisdiction on its own motion (Mansfield, C. L. M. R. Co. v. Swan, 111 U.S. 379
[4 Sup. Ct. 510]; Morris v. Gilmer, 129 U.S. 315 [9 Sup. Ct. 289]; 15 C. J. p. 852), especially when the assertion of jurisdiction involves an exercise of power denied by the Constitution.
This court should exercise no jurisdiction denied to it by the Constitution from which it derives its right to exist.Norman v. Curry, 27 Ark. 440; Duncan *Page 347 
v. Railroad Co., 68. W. Va. 293 (69 S.E. 1004, Ann. Cas. 1912 B, 272); Titus v. Latimer, 5 Tex. 433; Rhyne v. Lipscombe,122 N.C. 650 (29 S.E. 57); Boland v. Kaveny, 71 N.J. Law, 488
(58 A. 99); Condon v. Gore, 89 Md. 230 (42 A. 900); 3 C. J. pp. 298, 357. The fact that the aggrieved party has no other remedy does not confer jurisdiction denied by the Constitution.Maxon v. Gates, 118 Wis. 238 (95 N.W. 92).
Since Marbury v. Madison, supra, it has been the settled rule of constitutional construction that the legislature may not confer original jurisdiction upon the Supreme Court where the Constitution says it shall have appellate jurisdiction only. As said by Chief Justice Marshall in the case above cited:
"If congress remains at liberty to give this court appellate jurisdiction, where the Constitution has declared their jurisdiction shall be original; and original jurisdiction where the Constitution has declared it shall be appellate; the distribution of jurisdiction, made in the Constitution is form without substance."
And in Cohens v. Virginia, 6 Wheat. (19 U.S.) 264, it was held that such a construction would render the clause dividing the jurisdiction of the court into original and appellate totally useless.
If the Constitution conferred jurisdiction on the Supreme Court to hear and determine cases of this character, it would be unnecessary by statute to attempt to give the Supreme Court jurisdiction, as provided in Act No. 212, Pub. Acts 1931, § 13, and Act No. 312, Pub. Acts 1931, § 8.
It seems to be self-evident the legislature has no power and authority to confer original jurisdiction upon the Supreme Court where the Constitution says it shall have appellate jurisdiction only. For *Page 348 
these reasons, Act No. 212, Pub. Acts 1931, § 13, and Act No. 312, Pub. Acts 1931, § 8, are unconstitutional and void. In ReBorder Cities Trucking Co., 261 Mich. 385, and Re ColumbianStorage Transfer Co., 261 Mich. 390, the jurisdictional question above discussed was not raised.
Appeal dismissed, but without costs.
WEADOCK and FEAD, JJ., concurred with POTTER, J.